WOODROW *v.* THE GENEVA COAL & MINING CO.

*Appeal and error—Court of appeals—Parties—Receiver in another proceeding—Injunction—Landlord and tenant.*

When a case is pending in the court of appeals on appeal to determine the rights of one who claims a leasehold on certain lands as against the owner of the fee, and a receiver has been appointed in another court for all the property of the owner, the person so claiming such leasehold may make such receiver a party to the case in the court of appeals and enjoin him from interfering with the property so claimed to be leased, pending final judgment in the court of appeals.

(Decided October 3, 1922.)

APPEAL: Court of Appeals for Jackson county. ON MOTION for temporary injunction.

*Mr. Joseph McGhee* and *Mr. L. D. Johnson,* for appellant.

*Mr. W. K. Williams* and *Messrs. Booth, Keating, Pomerene & Boulger,* for the receiver.

MAUCK, J. The above-styled cause is in this court on appeal. One of the questions, possibly the only question, to be determined is whether John A. Woodrow has a valid lease to operate a coal-mine upon part of the lands involved in the action. The case was determined adversely to John A. Woodrow in the common pleas on September 20, 1922. On the same day, in an action brought by a third party against The Geneva Coal & Mining Company, Daniel H. Armstrong was appointed receiver of the property of that company, and among the assets passing to such receiver was the fee to the lands on which Woodrow claimed to have a lease. The instant case was appealed to this court on September 28. Woodrow now seeks to file a supplemental cross-petition praying for an order restraining Armstrong, personally, and as receiver, from taking possession of that part of the lands of which Woodrow was in possession on September 20, and in which he claims a lease-hold which he expects to establish upon trial of the instant case.

Woodrow was not a party to the action in which the receiver was appointed. In that action the court could not, and did not, attempt to do anything but impound for a creditor the assets of The Geneva Coal & Mining Company. It could not, and did not, attempt to determine the rights of those not parties to that record. It is not the duty of the receiver to violently take possession of property claimed by the Geneva Company and at the same time claimed by another.

The receiver, in respect to the property in question, stands in the place of the Geneva Company and has no rights over the property that the Geneva Company did not have.

In 23 Ruling Case Law, at page 60, it is said:

"The general rule is well established that a receiver can not ordinarily, through summary proceedings, take into custody property found in the possession of strangers to the record claiming adversely, and if he does so he will be liable individually therefor. The principles upon which the cases announcing this rule generally rest are that the receiver merely stands in the place of, and has no greater rights than, the party over whose property he has been appointed receiver; that everyone is entitled to his day in court; and that summary proceedings are not suitable to try conflicting claims to title. The proper course to pursue in cases where a receiver desires to obtain possession of property in the hands of a stranger to the suit, claiming adversely, is either for the receiver to bring an action against the third party, or for the plaintiff to make him a party to the suit and have the receivership extended as to him. Contempt proceedings are not appropriate."

See also *State, ex rel. Parsons Mining Co.,* v. *McClure,* 17 N. M., 694, Ann. Cases, 1915B, 1110, and 47 L. R. A., N. S., 744 (note).

Under the existing circumstances a new case need not and can not be brought by the receiver to obtain possession, because the appeal in the instant case vests this court with jurisdiction to try that precise question. The jurisdiction of this court over the subject-matter, and its personal

jurisdiction over the Geneva Company, under which the receiver claims, render its jurisdiction complete and exclusive. It is apparent that if Mr. Armstrong takes possession of the property and prevents Woodrow from operating the mine the latter may suffer thereby if he should hereafter be found to have the right to possess and operate the mine. If it were clear that Mr. Armstrong were thus about to trespass upon the jurisdiction of this court, because the order of the other court appointing him required such action, the order would be beyond the jurisdiction of the court and a writ of prohibition addressed to that court would be an available remedy.

"Though the writ of prohibition does not issue to try title to property, yet if a court by its order takes property out of the possession of a stranger to the proceedings, who claims it as his own, the order is in excess of its jurisdiction, irrespective of the actual state of the title, and the writ of prohibition will issue to annul such order." *Havermeyer* v. *Superior Court*, 18 Am. St. Rep., 192, (84 Cal., 327).

The record, however, does not satisfy us that the court of common pleas has directed its receiver to take possession of the particular property now in the possession of Woodrow and under the jurisdiction of this court in the instant case. Its order to the receiver to possess himself of the property of the Geneva Company is not equivalent to an order to forcibly dispossess Woodrow of the property in question. It must be construed to be an order to take possession in proper and lawful manner, and the only proper and lawful manner, if an appeal in the instant case had not been per-

fected, would have been to seek possession by an action at law; and now that the appeal has been perfected the only proper manner is by an application to this court, which now has jurisdiction of the disputed subject-matter. We conclude, therefore, that the threat of Mr. Armstrong to take possession of the property now held by Woodrow is not based upon any usurped jurisdiction of the court appointing him, but is wholly without authority, in which event prohibition would not lie. In this view of the case the threat to dispossess Woodrow is an unauthorized threat. It is not within the duties of the receiver, and if consummated would be an undirected and unwarranted trespass.

The general rule that receivers are not liable to suit without the consent of the appointing court rests largely upon the doctrine that the receiver ought not be required to respond to the possibly conflicting orders of two or more superiors. The rule has its clear exceptions: "A receiver may, of course, be sued without leave of court, when he is a trespasser, as, for instance, where the demand against him does not involve the administration of the trust committed to him, but merely arises from his having taken unlawful possession of property not included in the trust." 23 Ruling Case Law, 126, Section 134.

This is one of the excepted cases in which action against a receiver lies without the consent of the court appointing him. We then arrive at the question whether a restraining order ought to issue. Woodrow has a mine ready for operation. Coal prices are high and mining is profitable. If the receiver ousts Woodrow and makes less net profit

than Woodrow would have made, or if he fails to operate at all and makes no profit, Woodrow, if he finally establishes the rights claimed by him, is without remedy for such loss; at least, ingenious and able counsel have suggested none. If, however, the restraining order issue and the receiver be thereby prevented from operating the mine, and Woodrow fail in his contention, the receiver, and through him those claiming adversely to Woodrow, will be indemnified through the bond for injunction. The restraining order ought therefore to be allowed.

Leave is given John A. Woodrow to file his supplemental cross-petition. D. H. Armstrong, personally and as receiver, is made party defendant. Temporary injunction is allowed, as prayed for, upon John A. Woodrow giving bond to the satisfaction of the clerk of this court, with sufficient surety, in the sum of five thousand dollars.

*Decree accordingly.*

MIDDLETON, J., concurs.
SAYRE, J., not participating.