**Lawrence BURCHFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44325.**

Court of Criminal Appeals of Texas.

Jan. 26, 1972.

Sam Bass, Jr., Freeport, for appellant.

Ogden Bass, Dist. Atty. and Billy M. Bandy, Asst. Dist. Atty., Angleton, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed the punishment at fifteen years.

The sufficiency of the evidence is not challenged.

The record reflects that on May 2, 1969, at approximately 5:00 p.m., the appellant arrived by pickup truck at deceased's trailer house. The deceased started walking toward appellant's pickup and when he got without four or five feet of it, there was a gunshot. The deceased then walked back toward his pickup, pulled a pistol out of his righthand pocket and fired at the appellant through the windshield of appellant's truck. Then the deceased fell to the ground. Robert Dale Williams went to the deceased, knelt beside him, tried to talk to him, but got no response. More shooting began and Williams ran and crawled under the trailer house. From there he observed appellant "shooting down underneath the pickup." Four or five shots were fired after the deceased fell. When appellant stopped shooting he turned around, got in his pickup and drove off. The deceased died of a gunshot wound.

In his third and fourth grounds of error the appellant contends the trial court erred in admitting hearsay evidence over his objections.

Raymond Greer and Myrl Luce testified to conversations between themselves and the deceased about another conversation the deceased told them he had with Ada Mae Cleland, appellant's sister. Both witnesses testified that the deceased told them that Ada Mae had called him and told him that appellant had a gun and was going to kill him.

Greer testified that he answered the telephone at about 2:30 p.m. on May 2, 1969. He recognized the voice of Ada Mae who sounded excited. At her request he called the deceased to the telephone. Shortly after this conversation (the record does not relate how long afterwards), the deceased told Greer he needed to talk to him quickly and in private. Greer testified the deceased stated "that Ada Mae had told him (deceased) Lawrence (appellant) went to borrow a gun and was going to kill him." Then Greer gave the deceased a pistol identified as the one fired by the deceased.

Luce testified that at about 4:15 p.m. the deceased told him that "Ada Mae called him (deceased) and told him that Lawrence had a gun and said he was aiming to kill him."

On cross-examination Greer testified that at about 3:30 p.m. the deceased and appellant were together in appellant's pickup. Luce, on cross-examination, testified that appellant and deceased were together and "had a few words." He further testified that after the deceased told him about the telephone conversation with Ada Mae the deceased also told him that appellant had come and apologized.

Appellant strenuously objected to the testimony of both Greer and Luce regarding their conversations with the deceased about his telephone conversation with Ada Mae. The trial court overruled appellant's objections and instructed the jury:

"Now, members of the jury, the last answer is to be considered by you only for a limited purpose in this case. You are not to consider that, what was told to the witness, the facts of what were told, as true. It is just the fact that it was said. It is admitted for that purpose, to show the state of mind of the person (deceased) making the statement to this witness."

The State's theory was that since the appellant raised the issue of self-defense and the jury was charged thereon this testimony would serve to rebut that issue. It would show by inference that the deceased, at the time of the shooting, was himself in reasonable fear of his life and would explain why he was armed.

The applicable rule is found in 4 Branch's Ann.P.C., Section 2109, page 437:

"If self-defense is an issue, proof of conversations between others showing why defendant's adversary went armed is not admissible against defendant when knowledge thereof is not brought home to defendant."

■ "If the fact in controversy is whether a communication was made and not its truth or falsity, the writing, words, or other communication is original evidence and not hearsay. Logan v. State, 17 App. 58; Conner v. State, 23 App. 385, 5 S.W. 189." 1 Branch's Ann.P.C.2d, Section 130, page 142. Cf. Stallings v. State, Tex.Cr.App., 476 S.W.2d 679, and Stickney v. State, 169 Tex.Cr.R. 533, 336 S.W.2d 133.

In the present case there was no issue raised that such a statement was made. The evidence was not relevant to any issue and was therefore inadmissible. See 23 Tex.Jur.2d, Section 123.

The limiting instruction not to consider the facts as true does not make the statement admissible.

In the present case the testimony was introduced, apparently, to show a fearful state of mind of the deceased and why he was armed. Since it was not shown that the appellant knew of the conversations between the deceased and the witnesses there is no logical connection between the deceased's fearful state of mind and either appellant's conduct or state of mind.

Because of the admission of such harmful and non-relevant testimony, the judgment is reversed and the cause is remanded.

MORRISON, J., not participating.