**Don A. CHRIST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44736.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Rehearing Denied June 14, 1972.

---

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Edgar A. Mason, Asst. Dist. Atty., Dallas, and Jim D.

Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the felony offense of passing a worthless check as denounced by Article 567b, Vernon's Ann.P.C. The jury assessed the punishment at seven years.

Robert Hyde, owner of Britton Cycle Company in Dallas, testified that on July 27, 1968, he was called to his place of business at about 10:00 a.m. When he arrived he saw the appellant and appellant's son. Appellant had requested that Hyde come to the shop because Hyde had prior business dealings with the appellant. The appellant had chosen a motorcycle which he wished to purchase. In response to Hyde's questions appellant said he still worked for Mobil Oil and lived on Hughes Drive in Irving. Appellant handed Hyde a blank check which Hyde filled out for the purchase price of the motorcycle, $1050.00, and gave it back to appellant. The appellant signed the check, returned it to Hyde, and he and his son rode off on the motorcycle.

Hyde deposited the check, and it was returned to him with the notation "account closed." Hyde then tried to contact appellant both at work and at home only to discover that he no longer worked for Mobil nor did he still live at the Irving address. Hyde never received any money from the appellant.

William E. Thorogood, assistant auditor of Exchange Bank and Trust Company in Dallas, testified that the official bank records were under his care, custody and control. The records were offered into evidence and appellant stated he had no objection. The records showed that the appellant opened his account on July 23, 1968, with a deposit of $20.00. No other deposits were ever made. The account was closed by the bank on July 26, 1968. A cashier's check was made out to the ap-

pellant and sent to his Irving address. The check had not been cashed or returned. A statement was mailed on July 30, 1968, to the same address. It was returned with the notation on the envelope, "moved, left no address."

On cross-examination Thorogood stated that two or three other checks had been written on the account and none was ever honored by the bank. On redirect Thorogood testified that one check was for $565.00 drawn on July 23, 1968; another for $50.00 drawn on July 24, 1968; a third for $75.00 drawn on July 24, 1968; and a fourth for $5.67 drawn on July 27, 1968. All carried the signature of the appellant. One or two checks arrived prior to the closing of the account and were returned with the notation "insufficient funds." The others were returned with the notation "account closed."

▮ In his first ground of error appellant complains of the admission into evidence of the "account closed" notation on the check as hearsay. A similar complaint is made in his fourth ground of error regarding the notation "moved, left no address" on the envelope. In neither instance were the notations introduced for the truth of the matter asserted but for the fact of the notations. The truth of both matters was established by other testimony and error, if any, was made harmless. Where an out-of-court communication is introduced not for its truth or falsity but for the fact that it was made it is original evidence and not hearsay. See Burchfield v. State, Tex.Cr.App., 475 S.W.2d 275. No error is shown in the admission of either notation.

▮ In his second ground of error appellant complains that a fatal variance exists between the indictment and the proof. The indictment states that payment on appellant's check "was refused for want of sufficient funds" whereas the proof shows payment was refused because the account was closed. It would be somewhat illogical to find fatal variance on the grounds that

lack of sufficient funds can only mean an open account without enough money to cover the check and not a closed account with no money to cover the check. In the present case the evidence shows that appellant's account never contained more than the initial and only deposit of $20.00. Appellant never had sufficient funds in his account to cover a check for $1050.00 before or after the closing of the account. No material variance is shown.

◼◼ Appellant complains in his third ground of error of the trial court's refusal to grant his motion for a mistrial after the judge sustained his objection to a statement by Thorogood that appellant's account was closed because of a bad credit report. Appellant requested no instruction to disregard, but the court on its own motion instructed the jury not to consider the statement about the credit report and denied appellant's motion for a mistrial. Appellant cites Rosales v. State, Tex.Cr.App., 399 S.W.2d 541, where a conviction was reversed because of the admission of prejudicial hearsay testimony which went to the issue of probable cause. That issue was not before the jury and this Court held that a limiting instruction was not sufficient to cure the error. In the present case the jury was not merely instructed to consider the statement for a limited purpose but not to consider it at all. An instruction to disregard will cure error

". . . except in extreme cases where it appears the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. . . ." Mays v. State, Tex.Cr.App., 434 S.W.2d 140, 141.

The trial court properly denied appellant's motion for a mistrial.

◼ In his fifth ground of error appellant complains of the admission of extraneous offenses of passing other worthless checks. The appellant himself first proved other worthless checks were passed on cross-examination when he asked the State's witness Thorogood about other checks that were not honored.

Appellant cannot complain of testimony that he first elicited. No error is shown. There would have been no error had the State originally proved the other outstanding checks. See Crum v. State, Tex.Cr. App., 427 S.W.2d 623.

Appellant's sixth, seventh, eighth and tenth grounds of error complain of alleged reversible errors in the prosecutor's argument. We have examined the record and find no reversible error in the arguments. We are also convinced that any elaboration upon these complaints would only unnecessarily lengthen this opinion and add nothing to the jurisprudence of this State. See Boatright v. State, Tex.Cr.App., 472 S.W. 2d 765.

◼ Appellant complains in his ninth ground of error of the prosecutor's "have you heard" questions of appellant's reputation witnesses on cross-examination. No objection was made at the time and no error, if there was any, was preserved for the purposes of appeal.

◼ In his eleventh ground of error appellant complains that Article 567b, Section 1, V.A.P.C., as amended in 1963 is unconstitutional in that it no longer requires the allegation and proof that something of value was received for the check, draft or order. Appellant apparently seeks to urge a constitutional requirement that no crime exists absent a showing of harm to society. Whatever the philosophical value of this argument, appellant fails to show it as a constitutional requirement. Further, the facts in the present case do show the appellant received something of value, a motorcycle, in exchange for his worthless check. We refuse to decide constitutional issues involved in a case, if they are involved, on a broader basis than the record requires. See Deeds v. State, Tex.Cr.App., 474 S.W.2d 718.

Finally, appellant challenges the sufficiency of the evidence. The facts as set out heretofore show the evidence to be sufficient to support the conviction.

No reversible error is shown. The judgment is affirmed.