The STATE of Texas, Appellant,

v.

Chad Christopher LANG, Appellee.

No. 01–95–01007–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 18, 1996.

James M. Kuboviak, Brazos, Brenda Bailey, Bryan, for appellant.

John Lohmann, 3RD., Houston, Jarrold A. Glazer, Houston, for appellee.

Before WILSON, COHEN and O'CONNER, JJ.

## OPINION

WILSON, Justice.

The State of Texas appeals from the trial court's decision to dismiss the complaint filed in this case.[1] Appellee, Chad Christopher Lang, was found guilty of speeding by the Justice of the Peace for Precinct Two of Brazos County. Appellee appealed that finding to County Court at Law Number Two. The county court subsequently granted appellee's motion to dismiss the complaint on the grounds that it did not allege the location of the offense with sufficient specificity.

The State contends (1) appellee could not raise the argument in the county court that the complaint was not sufficiently specific because he did not raise it in the justice court, and (2) the county court committed error in dismissing the complaint because it accurately tracked the applicable statute and was sufficiently specific. We reverse and remand.

### Summary of facts

At a hearing on his motion to dismiss, appellee asked the county court to dismiss the complaint because it was not specific enough to apprise him of the location of the offense. Both the complaint and the traffic ticket were presented to the county court.

The complaint reads, in part:

1. The State may appeal the dismissal pursuant to Tex.Code Crim.P.Ann. art. 44.01(a) (Vernon Supp. 1996). The County Attorney for Brazos County, James M. Kuboviak, personally signed the notice of appeal. *See State v. Muller,* 829 S.W.2d 805, 811–12 (Tex.Crim.App.1992).

BEFORE ME, the undersigned authority, on this day did personally appear complainant, who, after being by me first duly sworn, charges and swears that he has good reason to believe and does believe that before the making and filing of this complaint, on or about the 25 day of May, 1994, in the County of Brazos and State of Texas, Chad Christopher Lang, Defendant, did then and there operate and drive a motor vehicle upon a public road, to-wit: Texas Highway 6, outside an urban district at a speed which was greater than was then and there reasonable and prudent under the circumstances then existing, to-wit: at a speed of 69 miles per hour; at which time and place the lawful maximum prima facie reasonable and prudent speed (indicated by an official sign then and there posted) was 55 miles per hour.

The complainant swearing to the facts contained in the complaint is Abelardo Fonseca, the officer who ticketed appellee for speeding. The complaint is also signed by Hon. Mary C. Horn, Justice of the Peace for Precinct Two of Brazos County.

Appellee conceded at the hearing that the traffic ticket issued by Officer Fonseca specifically indicates appellee was ticketed for speeding on Texas Highway 6 at milepost 600. At the conclusion of the hearing, the county court dismissed the complaint.

## Waiver

■ Although the State does not enumerate its arguments into specific points of error, we will address the arguments it raises in sequence. The State initially contends appellee waived his right to argue to the county court that the complaint did not sufficiently allege the location of the offense because he did not raise the argument before the justice court.

The Code of Criminal Procedure provides: "[i]n all appeals to a county court from justice courts ... the trial shall be de novo in the trial in the county court, the same as if the prosecution had been originally commenced in that court." TEX.CODE CRIM.

P.ANN. art. 44.17 (Vernon Supp.1996). As the proceedings before the county court were de novo pursuant to the statute, we conclude appellee did not waive his argument to the county court concerning the specificity of the complaint by not raising it in the justice court. We overrule this point of error.

## Specificity of the complaint

■ The State also contends the county court committed error by dismissing the complaint because it met the requirements of specificity as set out by the applicable statute.

A complaint filed with a justice court must state: (1) the name of the accused; (2) the offense with which he is charged; (3) that the offense was committed in the county in which the complaint is made; and (4) must show from the date of the offense stated that the offense is not barred by limitation. TEX. CODE CRIM.P.ANN. art. 45.17 (Vernon 1979); *Zulauf v. State*, 591 S.W.2d 869, 870–71 (Tex. Crim.App.1979). A defendant shall not be discharged by reason of any informality in a complaint or warrant. TEX.CODE CRIM. P.ANN. art. 45.27 (Vernon 1979); *see Vallejo v. State*, 408 S.W.2d 113, 114 (Tex.Crim.App. 1966).

■ The particularity in pleading required in an indictment or information is not required in a complaint, and a complaint will not be dismissed due to a mere informality. *Kindley v. State*, 879 S.W.2d 261, 263 (Tex. App.—Houston [14th Dist.] 1994, no pet.); *Vallejo*, 408 S.W.2d at 114.[2] As set out above, the complaint filed with the justice court met the requirements of article 45.17 by stating appellee's name, the name of the county, the offense charged, and by indicating the offense was not barred by limitations.

Appellee contends the complaint filed against him in the justice court does not meet the requirements of TEX.CODE CRIM. PROC.ANN. art. 15.05 (Vernon 1977). That article provides a complaint shall be sufficient, without regard to form, if it states the name of the accused, shows the accused has

---

**2.** By provision of the current statute, not yet effective at the time of the proceedings in the county court, a court conducting a trial de novo based on an appeal from a justice court may not

dismiss the case because of a defect in the complaint. TEX.CODE CRIM.P.ANN. art. 44.181(a) (Vernon Supp. 1996).

committed an offense against the laws of the State, states the time and place of the commission of the offense "as definitely as can be done by the affiant," and is signed by the affiant. TEX.CODE CRIM.PROC.ANN. art. 15.05 (Vernon 1977). However, this article and its requirements are set out in the section of the Code of Criminal Procedure describing the requirements of an affidavit or complaint made the basis of an arrest warrant, not a complaint used as a charging instrument in a justice court. Article 45.17 contains the requirements for a complaint made before a justice court. *Rose v. State,* 799 S.W.2d 381, 383 (Tex.App.—Dallas 1990, no pet.).

The maximum legal speed on a State highway during the daytime is 70 miles per hour, unless altered by the State Highway Commission or a County Commissioners Court. TEX.REV.CIV.STAT.ANN. art. 6701d, §§ 166(a), 167(a), and 169(a) (Vernon Supp.1995). Appellee asserts that if he is not provided with the specific location of the offense, he cannot verify whether the maximum speed was altered by an appropriate order and properly posted. However, appellee conceded at the hearing that this information was provided to him in the citation written by Officer Fonseca. That citation lists the location of the offense as milepost 600 on Texas Highway 6.

Appellee further argues the complaint was defective because it did not specifically allege the precinct in which the offense was committed. In *Zulauf,* the Court of Criminal Appeals held a complaint that alleged a defendant committed the offense of speeding within a named county but did not allege the offense occurred within the justice court precinct was not substantively defective. 591 S.W.2d at 871.

We conclude the complaint complies with the requirements of article 45.17 of the Code of Criminal Procedure and is sufficiently specific in its allegation of the location of the offense charged. Therefore, we sustain this second point of error raised by the State, reverse the judgment of the county court, and remand the case to the county court to be reinstated.