John Eric SCHMITZ, Appellant,

v.

The STATE of Texas, State.

No. 2–96–387–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 28, 1997.

Rehearing Overruled Oct. 9, 1997.

H.F. Rick Hagen, Jackson & Hagen, Denton, for Appellant.

Bruce Isaacks, Criminal District Attorney, Yolanda M. Joosten, Jonnie Cleveland, Asst. Dist. Attys., Denton, Matthew Paul, State Pros. Atty., Austin, for Appellee.

Before LIVINGSTON, RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

The State charged appellant John Eric Schmitz by complaint with the Class C misdemeanor offense of theft of property under $20.00. *See* TEX. PENAL CODE ANN. § 31.03(e)(1) (Vernon 1994 & Supp.1997). In the justice court, Appellant waived a trial by nolo contendere, and the justice court assessed his fine at $165.00. Appellant appealed to County Court at Law Number One and filed a motion to quash the complaint, which that court denied. Pursuant to a plea bargain agreement, he was assessed a $200.00 fine and was placed on deferred supervision for 30 days.

This appeal is grounded in part on Appellant's contention that the county court at law erroneously denied his motion to quash the complaint. In eight points of error, Appellant asserts that the complaint was insufficient because it failed to describe the property and how it was "appropriated," failed to name the owner of the property, and failed to adequately describe the nature and cause of the accusation against Appellant. Finding no reversible error, we affirm.

### Defective Complaint

■ Because all eight points of error stem from Appellant's assertion that the complaint is defective, we will address the eight points together. Appellant relies on article I, sections 10, 14, and 19 of the Texas Constitution, and amendments V and XIV of the United States Constitution, and articles 1.04 through 1.05 of the Texas Code of Criminal Procedure to support his claims that the complaint does not provide sufficient information to enable him to prepare a defense or to plead the judgment given as a bar to further prosecution for the same offense.

■ We agree with Appellant's contention that his challenge is not restricted by article 1.14(b) of the Code of Criminal Procedure. That article provides that if a defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives the right to raise that objection on appeal. *See* TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon 1977 & Supp.1997). Because an appeal from a justice court to a county court is by trial de novo, as if the prosecution had originally begun in that court, the original complaint in justice court was the procedural equivalent of an information in the county court at law. *See* TEX.CODE CRIM.PROC.ANN. art. 44.17 (Vernon 1979 & Supp.1997); *Zulauf v. State*, 591 S.W.2d 869, 871 n. 3 (Tex. Crim.App. [Panel Op.] 1979). In the past, a question of mootness arose when a motion to quash was filed in an appeal to a county court at law rather than at the start of the original trial on the merits in justice court. *Zulauf*, 591 S.W.2d at 871 n. 3. The Court of Criminal Appeals has resolved the mootness issue by interpreting article 1.14(b) as applicable only to indictments and informations, not to complaints. *See Huynh v. State*, 901 S.W.2d 480, 481 (Tex.Crim.App.1995). Because the statute refers specifically to indictments and informations rather than referring to "charging instruments," the court in *Huynh* refused to read into the statute a legislative intention to govern complaints. *Id.* at 481. Therefore, article 1.14(b) does not preclude Appellant's objection on appeal to the sufficiency of the complaint.

The county court denied Appellant's motion to quash with the notation "Class C rules apply." Appellant questions the meaning of that notation. We conclude that the notation means the county court construed the proceeding as governed by Chapter 45 of the Texas Code of Criminal Procedure, which

applies to justice courts. Because Appellant's motion to quash cited section 31.03 of the Penal Code, which may apply to a justice court case, and also cited other statutes that do not apply in a justice court case, it seems reasonable to assume that the court's handwritten notation was simply a means of differentiating the applicable statute from the inapplicable statutes. Among the cited authorities in the motion to quash are two procedural statutes that apply to indictments or informations in county or district courts but not to complaints in justice court. *See* TEX.CODE CRIM.PROC.ANN. arts. 21.08, 21.09 (Vernon 1989).

■ In chapter 45, article 45.17 *contains* the minimum requisites of a complaint filed in a justice court. According to that article, a complaint must state: 1) the accused's name, if known, or if unknown, describe him as accurately as practicable; 2) the charged offense, in plain and intelligible words; 3) that the offense was committed in the county in which the complaint is made; and 4) that the offense is not barred by limitations from the date of the offense charged. *See* TEX. CODE CRIM.PROC.ANN. art. 45.17 (Vernon 1979). Although a complaint in justice court must state facts sufficient to show the commission of an offense charged, it need not show the same particularity or specificity as is necessary in an indictment or information. *See Vallejo v. State,* 408 S.W.2d 113, 114 (Tex.Crim.App.1966); *State v. Lang,* 916 S.W.2d 63, 64 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

The State argues that the complaint sufficiently complies with article 45.17. Appellant contends that article 45.17 addresses the *form* of a complaint rather than the *substantive* requirements for pleading the *offense* itself. We agree. Article 45.17 merely states that the complaint shall charge the offense in plain and intelligible words. *See* TEX.CODE CRIM.PROC.ANN. art. 45.17(2). Yet, the complaint fails to substantively allege how the property was appropriated under section 31.03 of the Penal Code. *See* TEX. PENAL CODE ANN. § 31.03(b) (Vernon 1994). The State insists that the complaint sufficiently tracks the language of section

31.03(a), but the State does not address subsection (b) of section 31.03.

Appellant challenges the complaint for its lack of notice as to *which* of the proscribed ways to appropriate property he was charged with under section 31.03(b). That section lists three unlawful "appropriations" of property:

■ (b) Appropriation of property is unlawful:

(1) it is without the owner's effective consent;

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or

(3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

TEX. PENAL CODE ANN. § 31.03(b). Appellant emphasizes that within the context of section 31.01, the word "appropriate" means either: "A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or B) to acquire or otherwise exercise control over property other than real property." TEX. PENAL CODE ANN. § 31.01(4) (Vernon 1994). He also notes that the code defines "property" in three different ways: "A) real property; B) tangible or intangible personal property including anything severed from land; or C) a document, including money, that represents or embodies anything of value." *Id.* § 31.01(5). The text of the complaint does not address the distinctions between the three methods of "appropriating" property as described in section 31.03(b), or the two meanings of the word "appropriate" as established in section 31.01(4), or the three mutually exclusive definitions of "property," established in section 31.01(5). The complaint simply states:

BEFORE ME, the undersigned authority, on this day personally appeared your affiant, who after being by me first duly sworn, says upon his oath that he has good reason to believe and does believe, based upon evidence and information provided by RON ATKINS, a peace officer, who per-

sonally investigated and personally observed this offense, that on or about 28th day of December, 1995, and before the making and filing of this complaint, in Justice of the Peace Precinct 4 in the County of DENTON, State of Texas, John Eric Schmitz did then and there within the jurisdiction of DENTON County, Precinct 4, to-wit: FARM TO MARKET RD 407 & I–35 W, unlawfully appropriate property with intent to deprive the owner of the proper[t]y, the value being $20.00 or under against the peace and dignity of the State. When he was arrested in the matter, Appellant received a traffic citation containing the same vague description, "theft under $20.00," at the location of "FM 407 and I–35 W" in Denton County. The complaint in this case merely states that Appellant did unlawfully appropriate "property." Regardless whether a criminal case begins by complaint, or information, or indictment, the result is the prosecution of an accused by the authority of the State. *See Benard v. State,* 481 S.W.2d 427, 429 (Tex.Crim.App.1972) (op. on reh'g). Accordingly, an accused's constitutional protections should not be diminished merely because of the type of charging instrument with which the State starts a prosecution. *See id.* at 430.

Conduct does not constitute an *offense* unless it is defined as an offense by statute, municipal ordinance, order of a commissioners court, or rule authorized by and lawfully adopted under a statute. TEX.PENAL CODE ANN. § 1.03 (Vernon 1994). The judgment of the justice court adjudicates Schmitz guilty of the offense of "THEFT 20 AND UNDER," a criminal offense under the laws of this state. *See* TEX.PENAL CODE ANN. § 31.03(a), (b), (e) (Vernon 1994 & Supp. 1997). The Legislature has expressly defined the constituent elements of that offense, a Class C misdemeanor. *See id.* § 31.03(a), (b). The language in the complaint is so broad that it does not allow Appellant to prepare a defense by ascertaining with reasonable certainty the offense charged. And although a complaint need not be as specific as an indictment or information, *see Vallejo,* 408 S.W.2d at 114, the vague justice court complaint against Appellant is little more than an invitation to specu-

late about the offense the prosecution is trying to allege.

Because neither the complaint nor the citation specifies which of the three ways to appropriate property under section 31.03(b) the State would charge and prove, Appellant received scant notice of the theft offense with which he was charged.

### Notice Requirements

■ Due process and due course of law guarantee that an accused must receive notice of the charges against him. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 19. An accused is entitled to notice "in advance of trial and with reasonable certainty" of what he is being charged with so that he can properly prepare his defense. *Ward v. State,* 829 S.W.2d 787, 794 (Tex.Crim.App. 1992); *see also In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117, 122 (1968). Texas law provides the accused, in *all* criminal prosecutions, the right to demand the nature and cause of the accusation against him and to have a copy thereof. *See* TEX.CODE CRIM.PROC.ANN. art. 1.05 (Vernon 1977).

■ A citizen also is afforded protection against twice being placed in jeopardy for the same offense. TEX. CONST. art. I, § 14; TEX.CODE CRIM.PROC.ANN. art. 1.10 (Vernon 1977). The allegations in an indictment must be certain enough to enable an accused to plead a judgment on the indictment in bar of any prosecution for the same offense. *See* TEX.CODE CRIM.PROC.ANN. art. 21.04 (Vernon 1989); *Rankin v. State,* 953 S.W.2d 740, 742–43 (Tex.Crim.App.1996) (Meyers, J., concurring). By analogy, a complaint filed in justice court should be pled with sufficient certainty as to enable an accused to plead a judgment on the complaint in bar of any prosecution for the same offense.

### Denial of Motion to Quash

■ Nevertheless, we agree with the State's contention that the county court at law did not err in refusing to quash the complaint, because article 44.181 of the Code of Criminal Procedure provides:

(a) A court conducting a trial de novo based on an appeal from a justice or municipal court may not dismiss the case because of a defect in the complaint.

TEX.CODE CRIM.PROC.ANN. art. 44.181(a) (Vernon Supp.1997).

In his motion to quash, Appellant asked the county court at law to "set aside" the complaint. The motion to quash does not ask that the case be dismissed. However, "set aside" and "dismiss" are synonymous when used in a motion to quash a charging instrument such as the complaint in this case. *See State v. Moreno,* 807 S.W.2d 327, 329 n. 2 (Tex.Crim.App.1991); *State v. Eaves,* 800 S.W.2d 220, 221 n. 5 (Tex.Crim.App.1990); *Miller v. State,* 909 S.W.2d 586, 591 (Tex. App.—Austin 1995, no pet.). Therefore, the county court at law did not err by refusing to grant the motion to quash the justice court complaint. *See* TEX.CODE CRIM.PROC.ANN. art. 44.181(a). Moreover, language in article 44.181 suggests that rather than relying on subsection (a) to support a justice court conviction that is based on a defective complaint, prosecutors should move to amend the defective complaint before starting a trial de novo. *See* id. 44.181(b).

## Conclusion

Although Appellant's eight points of error complain of the county court's denial of the motion to quash, that court's denial of the motion conforms to the mandate of article 44.181 and is not reversible error. Because none of the points of error challenge the constitutionality of article 44.181, we do not consider whether the statute's denial of a county court's authority to quash a justice court complaint for "defects" was meant to legislatively enjoin judicial consideration of constitutional defects in such a complaint. When challenging the constitutionality of a statute, an appellant must show that in its operation the statute is unconstitutional to him in his situation. *See Bynum v. State,* 767 S.W.2d 769, 774 (Tex.Crim.App.1989). Appellant did not do that, and constitutional issues will not be decided on a broader basis than the record requires. *See Parent v. State,* 621 S.W.2d 796, 797 (Tex.Crim.App. [Panel Op.] 1981); *Threlkeld v. State,* 558 S.W.2d 472, 474 (Tex.Crim.App.1977); *Christ v. State,* 480 S.W.2d 394, 397 (Tex.Crim.App. 1972); *Smith v. State,* 899 S.W.2d 31, 34 (Tex.App.—Austin 1995, pet ref'd); *Skillern v. State,* 890 S.W.2d 849, 860 (Tex.App.—Austin 1994, pet. ref'd); *State v. Garcia,* 823 S.W.2d 793, 799 (Tex.App.—San Antonio 1992, pet. ref'd).

Finding no reversible error, we affirm the trial court's judgment.

RICHARDS, J., filed a dissenting opinion.

RICHARDS, Justice, dissenting.

I respectfully dissent. Our rules of appellate procedure require that briefing rules be construed liberally. TEX.R.APP.P. 74(p); *see Torres v. Rios,* 869 S.W.2d 555, 556 (Tex. App.—Corpus Christi 1993, no writ). It is readily apparent that the majority would hold article 44.181 of the Code of Criminal Procedure unconstitutional had Appellant presented us with a point of error stating, "[t]he trial court erred in overruling Appellant's motion to quash the complaint because article 44.181 is unconstitutional as applied in this case." I believe the points of error presented by appellant are sufficient to require us to decide whether article 44.181 is constitutional.

Appellant presented us with eight points of error, all of which direct our attention to the trial court's failure to grant his motion to quash the complaint: (1) "the trial court erred when it denied appellant's motion to quash because the complaint failed to describe the property appropriated"; (2) "the trial court erred when it denied appellant's motion to quash because the complaint failed to allege how the property was appropriated"; (3) "the trial court erred when it denied appellant's motion to quash because the complaint failed to name the owner of the property"; (4) "the trial court erred when it denied appellant's motion to quash because the complaint failed to adequately describe the nature and cause of the accusation against him in violation of article 1.04 V.A.C.C.P."; (5) "the trial court erred when it denied appellant's motion to quash because the complaint failed to adequately describe the nature and cause of the accusation

against him in violation of article 1.05 V.A.C.C.P."; (6) "the trial court erred when it denied appellant's motion to quash because the complaint failed to adequately describe the nature and cause of the accusation against him in violation of article 1, § 10 of the Texas Constitution"; (7) "the trial court erred when it denied appellant's motion to quash because the complaint failed to adequately describe the nature and cause of the accusation against him in violation of article 1, § 14 of the Texas Constitution"; and (8) "the trial court erred when it denied appellant's motion to quash because the complaint failed to adequately describe the nature and cause of the accusation against him in violation of article 1, § 19 of the Texas Constitution."

In response to Appellant's contentions that the trial court was constitutionally required to grant the motion to quash the complaint, one of the arguments advanced by the State on appeal was that article 44.181(a) prevents a county court from dismissing a defective complaint. The trial court never indicated it was relying on article 44.181 in its ruling denying the motion to quash, a situation implicitly conceded by the majority in its interpretation of the trial court's cryptic ruling, "Class C rules apply." In arguing in its reply brief that article 44.181(a) prevents a county court from granting a motion to quash a defective complaint, the State, in effect sought to invoke the general rule that a trial court's order may be upheld on appeal for a reason not advanced by the State or considered by the trial judge in the trial court. The State is permitted to urge an appellate court to uphold the trial court's ruling on grounds never presented to or considered by the trial court. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). However, I know of no authority that requires a defendant to anticipate such arguments by the State. Here, in my opinion, appellate counsel went far beyond what was required of him when, in response to the State's reliance on article 44.181(a), counsel provided us with a supplemental brief providing its legislative history.