NO. 07-99-0242-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 22, 2001

______________________________

RAMESH U. GANESH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY CRIMINAL COURT OF APPEALS OF DALLAS, TEXAS;

NO. MC-97-R-0030-D; HONORABLE KRISTIN WADE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Ramesh U. Ganesh appeals from a conviction for violation of the Dallas City Code requiring an exit door of a structure to be openable from the inside of the structure.  By three issues he asserts the invalidity of his conviction: (1) the complaint was legally insufficient to charge him with the crime; (2) the evidence was legally and factually insufficient; (3) the State failed to establish an offense because the trial court failed to take judicial notice of the Dallas Code of Ordinances.  We affirm.

On July 28, 1995, appellant was issued a citation by Inspector Hawkins of the City of Dallas fire department when an inspection revealed one side of the double-door entrance to a nightclub was locked during the evening when patrons were in the building.  The citation was issued because the entrance was marked with an illuminated sign on the inside of the building designating the doorway as an exit.  The citation referenced “Sec 12.106(c).”  The “comments” section of the citation stated “locked exit door.”  On August 17, 1995, a complaint was filed which referenced Section 12.106(c) of the Uniform Fire Code.  The complaint charged appellant with knowingly maintaining “an exit door so that it could not be opened from inside the structure without the use of a key or special knowledge or effort.” 

The clerk’s record reflects that on October 18, 1995, a trial setting was continued at the request of defendant, and the case reset for December 20, 1995.  On December 20th,
 the case was called, the State and appellant announced ready, the appellant waived reading of the complaint, and appellant pled not guilty.  The case was then tried to the court.  Appellant was found guilty and assessed a fine of $500.  Appellant appealed to the County Criminal Court of Appeals of Dallas County, which affirmed the conviction. 

JURISDICTION

 Before we address appellant’s issues, we must consider the State’s assertion that we do not have jurisdiction because appellant’s appeal bond was filed on January 12, 1996, which was twenty-two days after the trial court’s judgment was signed on December 20, 1995.  The State relies on Code of Criminal Procedure section 44.14(b), which at the relevant time stated that in order for an appeal from a municipal court to be perfected, the appeal bond must be filed with the municipal court not later than the 10th day after the judgment was entered.  
Tex. Code Crim. Proc. Ann.
 § 45.0426 (Vernon Supp. 2001) (formerly § 44.14) 
renumbered as
 45.0426, Act of May 30 1999, 76th Leg., R.S., ch. 1545, § 42, 1999 Tex. Gen. Laws  5321.
(footnote: 1)  Unless the appeal bond is timely filed, the appellate court does not have jurisdiction and must remand the case to the municipal court for execution of the sentence.  
Id.
  Appellant, however, cites Government Code section 30.409 governing the perfection of appeal from a Dallas municipal court, which requires that the appeal bond be filed no later than the 10th day after the date on which the motion for new trial is overruled or, if there is no motion for new trial, no later than the 10th day after the rendition of the judgment of conviction.  
Tex. Gov’t Code Ann.
 § 30.409 (Vernon 1988) 
renumbered as
 30.00823, Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 8.24, 1997 Tex. Gen. Laws 391, 
repealed by
 Act of May 25, 1999, 76th Leg., R.S., ch. 691, § 139 (21), 1999 Tex. Gen. Laws 3290-91.

The Code of Criminal Procedure fails to allocate additional time for a motion for new trial to be overruled, but the Government Code allows time.  The Government Code provides that if a conflict between a general statutory provision and a special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.  
Tex. Gov’t Code Ann.
 § 311.026(b) (Vernon 1998).  The local provision found in section 30.409 of the Government Code was enacted in 1987.  Act of May 8, 1987, 70th Leg., R.S., ch. 157, § 16, 1987 Tex. Gen. Laws 1319.  Article 44.14 was originally enacted in 1965.  Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 514.  The local provision, which adds time for the municipal court to overrule a motion for new trial before filing the appeal bond, prevails as the exception to the general rule.

Judgment was entered on December 20, 1995.  The supplemental clerk’s transcript contains a copy of a motion for new trial filed on December 26, 1995.  The motion for new trial was overruled by operation of law on January 5, 1996.  Appellant’s appeal bond was timely filed on January 12, 1996.  
Tex. Gov’t Code Ann.
 § 30.409 (Vernon 1988).  We overrule the State’s challenge to our jurisdiction.

LEGAL SUFFICIENCY OF THE COMPLAINT

By his first issue, appellant asserts that the complaint fails to charge him with the crime proved and is legally insufficient.  The complaint alleges that appellant “knowingly maintained an exit door so that it could not be opened from the inside without the use of a key or special knowledge or effort in violation of section 12.106 (lower case c) of the Uniform Fire Code.”  Appellant asserts that the complaint is deficient because it fails to allege (1) that the front doorway is a designated exit way and (2) that both doors are required to be open.  He relies on 
Vallejo v. State
, 408 S.W.2d 113, 114 (Tex.Crim.App. 1966) and 
Schmitz v. State
, 952 S.W.2d 922, 925 (Tex.App.--Fort Worth 1997, pet. ref’d) for the proposition that a complaint must have such a degree of particularity that it informs an accused of the charged offense with reasonable certainty and allows a properly prepared defense.  He also references Code of Criminal Procedure article 1.05 for the proposition that an accused has the right to demand the nature and cause of the accusations against him and to have a copy thereof.

The complaint charged that the nightclub was a structure used for human occupancy, and as such, was required to have an exit door.  The complaint charged appellant with knowingly maintaining an exit door so that it could not be opened from the inside.  The unopenable exit door is referred to in the complaint as “an exit door.”    

Although appellant now asserts that the complaint was insufficient to apprise him of the crime with which he was charged, he did not object to the form or substance of the complaint before trial.  The complaint was filed four months prior to the day of trial, and a continuance of the trial date was granted to appellant over two months before he went to trial.  When the case was called on the day it actually was tried, appellant announced ready.  Failure to timely object to the form or substance of the complaint waives the right to raise the objection on appeal.  
See
 Article 1.14(b).    

Further, a complaint is only required to name the charged offense in plain and intelligible words.  
Tex. Code Crim. Proc. Ann.
 § 45.17 (Vernon 1979) 
renumbered as
 45.019 
and amended by
 Act of May 30, 1999, 76th Leg., R.S., ch. 1545, §16, 1999 Tex. Gen. Laws 5317.  Appellant does not challenge the ordinance as being vague or worded so that a reasonable person would not be able to understand what was being proscribed.  And, the language of the complaint tracked the language of the Dallas fire code, which is an indication that the complaint is legally sufficient.  
See
 
Smith v. State
, 873 S.W.2d 66, 72 (Tex.App.--Tyler 1993, pet. ref’d). 

The complaint and code make no distinction between required exit doors and other exit doors.  Because the building required an exit door, and the door in question was 
an
 exit door,  the plain language of the code mandates that the door had to be openable from the inside.  The ordinance does not state, as appellant wishes us to hold that it does, “An exit door 
required
 by this ordinance shall be openable.”  Even if appellant had not waived his challenge to the form and substance of the complaint, we find the complaint to be legally sufficient to charge appellant with a violation of section 12.106(c), for which he was convicted.  Appellant’s first issue is overruled.   

SUFFICIENCY OF THE EVIDENCE

Appellant’s second issue challenges both the legal and factual sufficiency of the evidence to convict appellant.  He challenges the evidentiary sufficiency based on what he refers to as testimony from Inspector Hawkins, the State’s only witness, that (1) only exit doors required by the Code were to be freely openable,  (2) the witness did not know if the open side of the double door in question was a required exit door, and (3) the building had at least two exit doors open.    

  In challenging the evidentiary sufficiency, appellant correctly notes the appropriate standards of review.  An appellate court reviewing a challenge to the legal sufficiency of the evidence must consider all the record evidence, including direct and circumstantial, both admissible and inadmissible, in the light most favorable to the jury’s verdict.  We then determine if any rational jury could have found all the essential elements of the offense beyond a reasonable doubt based upon such record evidence.  
Jackson v. Virginia
, 443 U.S. 307, 319-20, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); 
Johnson v. State
, 967 S.W.2d 410, 411 (Tex.Crim.App. 1998).   In determining a factual insufficiency claim all the evidence is reviewed, not in the light most favorable to the verdict, but in a neutral manner.  
Kutzner v. State
, 994 S.W,2d 180, 184 (Tex.Crim.App. 1999).  The verdict may only be set aside if the entire record shows that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust.  
See
 
id
.; 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996).  And, we must be appropriately deferential to determinations of the factfinder.  
Id
. at 133.  

Appellant’s reference to the record for Hawkins’ testimony that only exit doors required under the Code were to be freely openable misconstrues the testimony of the witness.  The testimony to which appellant refers in his brief is extracted from a portion of the cross-examination of Hawkins which begins with Hawkins testifying that the 
designated
 exit doors must be openable. Hawkins then responded affirmatively to appellant’s counsel’s following question: “Okay.  And so the required exit doors have to be open.  Is that correct?”  At no point, however, does the record reflect the witness testifying that those doors 
designated
 as exit doors do not have to be openable.  And, Hawkins’ testimony that he did not know if the full double entryway door, which had an illuminated exit sign centered above it, was a 
required
 exit because he did not know the seating capacity of the club and the number of people in the club, does not negate the requirement of section 12.106(c) that exit doors shall be openable, and not locked or otherwise rendered unusable.  The evidence is both legally and factually sufficient to sustain the conviction. 

JUDICIAL NOTICE OF CITY ORDINANCES

By his third issue, appellant urges that the trial court did not take judicial notice of the Dallas Code of Ordinances, and that the evidence was, therefore, legally insufficient to prove the elements of the offense.  He argues that during trial the prosecutor limited the court’s judicial notice to section 12.106(c) of the Uniform Fire Code.  He further posits that the following exchange during cross-examination of Inspector Hawkins reflects acknowledgment by the trial court of its limiting any judicial notice it took as to city ordinances:

Mr. McCollum:  I believe that the prosecutor planted [sic] your judicial notice to subparagraph c of this section--

The Court: Yes.

Mr. McCollum: -- and I believe (inaudible) stops at this section.

Appellant acknowledges that the Government Code
(footnote: 2) in effect at the time of trial provided for appellate courts to presume that the trial court took judicial notice of all ordinances of the City unless the matter was made an issue in the court below, or unless it otherwise affirmatively appears to the contrary from the record.   Appellant concludes that the record clearly reflects the trial court limited its judicial notice and, therefore, the essential and relevant sections of the Fire Code were not before either the trial court or this court.  We disagree.

At the time of trial, Government Code § 30.00006(c) provided that the municipal judge “shall” take judicial notice of the ordinances of the city.  
Tex.Gov’t Code Ann
. § 30.00006 (Vernon Supp. 2001) (formerly § 30.486) 
renumbered
 
as
 30.00006, Act of May 5, 1997, 75th
 Leg., R.S., ch. 165, § 8.02, 1997 Tex. Gen. Laws 389, 
amended
 
by
 Act of May 25, 1999, 76th
 Leg., R.S., ch. 691, § 1, 1999 Tex. Gen. Laws 3264.    As appellant’s brief notes, appellate courts are statutorily mandated to presume that the trial court took judicial notice of all ordinances of the City unless the matter was made an issue in the trial court, or it otherwise appears affirmatively in the record.  The trial court could have taken judicial notice whether or not a party requested it to do so, and the notice could have been taken at any stage of the proceedings.  
Messina v. State
, 904 S.W.2d 178, 183 (Tex.App--Dallas 1995, no pet.) (Ovard, J. concurring)(citing former TEX.R.CRIM.EVID. 201(c) and (f)).

During presentation of the State’s case via Hawkins’ testimony, the record reflects the following:

[Prosecutor]: Now, is this locked exit door a violation of the 
Dallas City Code
?

[Hawkins]: Yes, it is.

[Prosecutor]: Judge, the State would like to ask that you take notice—judicial notice of Dallas City Code Section 12.106, lowercase c.

Mr. McCollum: No objection, Your Honor. 

The Court: The Court will take judicial notice of 
the code
. (emphasis added). 

Following presentation of all the evidence, the trial court asked for and heard closing arguments.  Appellant’s closing argument was twofold: (1) the State did not prove that he was the operator of the nightclub, and (2) the nightclub was required to have two exit doors openable from the inside, and it did so, without considering the status of the door which was locked.  No issue was made that the trial court did not have appropriate sections of the City Code before it to prove that appellant violated an ordinance, that the trial court did not or could not take judicial notice of provisions of the City Code other than section 12.106(c),  or that the State was required to request the trial court to take judicial notice of all the specific City Code provisions involved in making the locking of an exit door a misdemeanor if the trial court was going to take judicial notice of the ordinances.  

The court stated at one point that it was taking notice of “the code.”  The trial court’s responses to questions and inquiries concerning its taking judicial notice of the ordinances of the City of Dallas do not make its intent as to taking judicial notice entirely clear.  On the other hand, the record does not show that the trial court clearly violated its statutory duty to take judicial notice of the city ordinances.  Nor does the record demonstrate appellant made an issue of the matter in the trial court.  Given the presumption on appeal that the trial court took judicial notice of the city ordinances, we conclude that the trial court judicially noticed the appropriate city ordinances to establish all elements of the offense with which appellant was charged.  
See
 Government Code § 30.00006(c); 
Messina
, 904 S.W.2d at 183.  And, we have previously overruled appellant’s challenge to the legal and factual sufficiency of the evidence.  Accordingly, we overrule appellant’s third issue.  

The judgment of the trial court is affirmed.

Phil Johnson

    Justice

Do not publish.   

FOOTNOTES
1:
Further references to the Code of Criminal Procedure will sometimes be by referencing “Article  _.”

2:
Tex. Gov’t Code Ann
. § 30.00837 (Vernon 1988), 
repealed by
 Uniform Municipal Courts of Record Act, 76th
 Leg., R.S., ch. 691, § 139, 1999 Tex. Sess. Law Serv. 3291.