**Herman R. VALLEJO, Jr.**

**v.**

**The STATE of Texas, Appellee.**

**No. 39794.**

Court of Criminal Appeals of Texas.

Nov. 9, 1966.

Robert O. Smith, Paul T. Holt, Austin, for appellant.

Doren R. Eskew, City Atty., Don R. Butler, Asst. City Atty., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The offense is speeding; the punishment, a fine of $101.

Appellant's conviction resulted from a trial de novo on March 17, 1966, in The County Court at Law No. 1 of Travis County, after an appeal from a conviction upon complaint in the Corporation Court of the City of Austin.

Only one ground of error is presented by appellant on appeal—which is the contention that the complaint upon which he stands

convicted is void because it does not meet the requirements of Art. 1, Sec. 10 of the Constitution of this State, Vernon's Ann.St., and of the Fifth Amendment to the Constitution of the United States.

The complaint signed and sworn to by the affiant, which was filed in the Corporation Court, reads in part, as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

"I, THE UNDERSIGNED AFFIANT, DO SOLEMNLY SWEAR THAT I HAVE GOOD REASON TO BELIEVE AND DO BELIEVE THAT ONE HERMAN R VALLEJO JR

ON OR ABOUT THE 31 DAY OF MAR—, 1965, AND BEFORE THE MAKING AND FILING OF THIS COMPLAINT, WITHIN THE INCORPORATED LIMITS OF THE CITY OF AUSTIN, IN TRAVIS COUNTY, TEXAS,

did drive and operate a motor vehicle upon a public street therein situated at a speed which was greater than was then reasonable and prudent under the circumstances then existing, to-wit, at a speed of 45 miles per hour, at which time and place the lawful maximum prima facie reasonable and prudent speed indicated by an official sign then and there posted was 30 miles per hour;

AGAINST THE PEACE AND DIGNITY OF THE STATE."

■ It is first contended by appellant that the complaint does not meet the basic essential requirements of an "accusation," as contemplated by Art. 1, Sec. 10, of our State Constitution because it does not *accuse* him of committing an offense.

In this connection, appellant argues that in the complaint the affiant merely says that he believes and has good reason to believe that appellant drove his motor vehicle too fast and makes no direct or positive averment that an offense was committed.

While the term "charge" is not used in the complaint, the statement of the affiant that he believed and had good reason to believe that appellant *did* drive his motor vehicle upon a public highway at a speed greater than was reasonable and prudent under the circumstances—to wit: 45 miles per hour at a place where the lawful maximum prima facie reasonable and prudent speed posted was 30 miles per hour—was tantamount to a charge and accusation that an offense was committed.

■ Appellant, from reading the complaint, could ascertain with reasonable certainty with what he was being charged so as to properly prepare a defense. It is the rule that a complaint must state facts sufficient to show the commission of an offense charged but the same particularity is not required as is necessary in an indictment or information. See: 16 Tex.Jur.2d 297–298, Sec. 146.

■ In Art. 45.27 of the 1965 Code it is provided that a defendant shall not be discharged by reason of an informality in a complaint filed against him in a justice court. The same rule would certainly apply to a complaint filed in corporation court.

Walton v. State, 162 Tex.Cr.R. 262, 284 S.W.2d 373, and Ex parte Greenwood, 165 Tex.Cr.R. 349, 307 S.W.2d 586, cited by appellant, are not controlling, because in the Walton case the question was whether certain paragraphs in an information had been presented by the prosecuting attorney as required by law, and in Ex parte, Greenwood, the question was whether a sworn complaint, alone, without an information would support a conviction in corporation court.

Art. 5, Sec. 12, of the Constitution of this State provides in part: "All prosecutions shall be carried on in the name and by authority of the State of Texas," and shall

conclude: " 'Against the peace and dignity of the State.' "

Art. 45.01 of the 1965 Code of Criminal Procedure provides that the proceedings in the corporation court shall be commenced by complaint which shall begin: " 'In the name and by authority of the State of Texas' ", and shall conclude: " 'Against the peace and dignity of the State' ".

The complaint in question complies with these requirements.

█ It is next insisted that the complaint does not meet the requirements of "due process" under the Fifth Amendment to the Constitution of the United States and also does not meet the requirements of the Fourth Amendment, which preserves to the people the right to be secure in their persons and homes against unreasonable searches and seizures and provides that "no Warrants shall issue, but upon probable cause." Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503; Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; and Barnes v. State of Texas, Tex.Cr.R., 390 S.W.2d 266; Id., 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818, are cited in support of this contention.

These cases relate to the necessity of stating facts constituting probable cause in a complaint or affidavit for the issuance of a warrant of arrest used as a basis for a search, or a search warrant, and have no application to a complaint made in corporation court as the basis of a criminal prosecution.

No warrant of arrest was issued upon the instant complaint, and the sole question is whether it is sufficient to charge an offense. The answer is "Yes."

Appellant's remaining contention that the affiant to the complaint was not a credible person is not properly presented to this court.

The judgment is affirmed.

Opinion approved by the Court.