**Novalee GOODACRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40253.**

Court of Criminal Appeals of Texas.

March 22, 1967.

Saunders & Caldwell, by Gene Caldwell, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for driving while intoxicated; the punishment, seven days in jail and a fine of $100.

The appellant attacks the validity of the complaint upon which the information is based on the ground that no facts were stated therein showing probable cause, and that probable cause could not have been established before a magistrate as she never appeared before a magistrate.

The necessity of stating facts constituting probable cause in a complaint or in connection therewith for the issuance of an arrest warrant has no application when

**650**

it is used as a basis of a criminal prosecution. Vallejo v. State, Tex.Cr.App., 408 S.W.2d 113.

The record contains appellant's motion alleging that she objected to being put to trial for the reason that she had not been arraigned as required by Art. 26.01, Vernon's Ann.C.C.P. The motion was filed January 20, 1966, denied by the court, and to such action the appellant excepted.

Error is urged on the ground that the trial court erred in overruling such motion, wherein she objected to being put to trial because she had not been arraigned.

It was stipulated that after the filing of the complaint and information on November 12, 1965, this cause was called for arraignment on December 17, 1965, and when appellant's name was called she came forward in person, with counsel, and identified herself as the person charged in said information but it was not then read to her; that at this time the court asked the appellant for her plea, and her counsel announced that she refused to enter any plea, which the court noted on the docket, announced that he was entering a plea of not guilty for her, and set the case for trial on the merits for January 18, 1966; and that on January 20, 1966, both parties announced ready for trial, the information was read to the jury and the appellant entered a plea of not guilty.

The judgment recites that on January 20, 1966, the appellant, with counsel, appeared in person and announced ready for trial.

There is no showing that appellant did not have a copy of the information or that she had not read it. The stipulation reveals that she came forward when her name was called by the court and identified herself as the person charged in the information. It is evident that she was not deprived of notice of the charges against her. The record sufficiently shows that the statutory requirements of arraignment were complied with. No error is perceived.

The judgment is affirmed.