Brent Thomas GORDON, Appellant,

v.

STATE of Texas, Appellee.

No. 11–88–173–CR.

Court of Appeals of Texas,
Eastland.

March 9, 1989.

C. E. Clover, Jr., Conner & Cantey, Sealy, for appellant.

Peter C. Speers, III, Thomas D. Glenn, Conroe, for appellee.

OPINION

DICKENSON, Justice.

The jury convicted Brent Thomas Gordon of aggravated sexual assault; [1] found that

1. The offense is defined in TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp.1989) and de-    clared to be a felony of the first degree.

he used or exhibited a deadly weapon during the commission of the offense; assessed his punishment at confinement for a term of ten years and a fine of $8,000; and granted his request for probation.[2] We affirm.[3]

Appellant presents nine points of error. The first eight points challenge the trial court's actions: (1, 2, 5, and 6) in overruling his first and second motions to suppress his videotaped confession and his handwritten and typewritten confessions; and (3, 4, 7, and 8) in admitting the confessions into evidence over his objections. The final point challenges the sufficiency of the evidence to support the conviction. All of the points have been considered and overruled.

Omitting the printed warnings and waivers and the signatures of appellant, the two witnesses, and the notary, the written confession reads in full as shown:

On April 03, 1987, I walked from the Apartment # 31 where I live down on 5th Street to the Hempstead Veterinary Clinic. I walked in the front door, I saw a female sitting behind the counter. I walked up, pulled a pistol out, I ask her where the money was and give it to me. I told the female to put her head down, not to look at me. After I got the money, I told her to go into the bathroom. Inside the bathroom, I told the female to take her clothes off. Once she removed her clothes, I decided to assault her. I told the female to bend over. I had a problem at first penetrating the female but I finally did so. I do remember I opened the bathroom window, I did this so I could hear if anyone came in. I also took the money out of her purse and I took her drivers license. I told the female I'm taking the drivers license so if you tell the police, I know who you are. I told the female to describe me as a white male, I can't remember what else. I left out the back door, ran down 5th Street towards Bremond. I turned left on Bremond. While I was running, I

threw the females drivers license into the field on Bremond and 5th Street, Hempstead, Texas.

The written confession was first printed by a police officer, signed by appellant, and verified before the notary. Then the written confession was typewritten, signed, and verified. Both copies were admitted into evidence. There was a videotaped interview of appellant prior to the written confession. During the videotaped interview, appellant orally admitted the aggravated sexual assault and the aggravated robbery which are set forth in the written confession. The videotaped interview was edited to remove appellant's confession to other aggravated sexual assaults committed or attempted in connection with other aggravated robberies which appellant committed or attempted. The edited videotape was shown to the jury pursuant to TEX.CODE CRIM.PRO.ANN. art. 38.22, sec. 3(a) (Vernon Supp.1989).

Appellant argues that he was subjected to a "pretext arrest" and that the custodial interrogation was improper. Appellant cites *Black v. State*, 739 S.W.2d 240 (Tex. Cr.App.1987), in support of his position that the confessions should have been suppressed. As in *Black*, appellant was a suspect in several felony offenses, and he was arrested for a misdemeanor offense related to traffic violations. The plurality opinion in *Black* notes that it involved a "warrantless arrest" for several traffic violations and then held the "arrest for traffic violations was used as a pretext to either question him about or search for evidence of a murder." That case is distinguishable on its facts because the case now before us does not involve a "warrantless arrest." Appellant was arrested pursuant to an outstanding warrant for "failure to appear" in the Deer Park Municipal Court [in response to a speeding violation].

We agree with the majority opinion in *United States v. Causey*, 834 F.2d 1179 at

**2.** The trial judge required appellant to serve not less than 60 days nor more than 120 days in the Texas Department of Corrections pursuant to TEX.CODE CRIM.PRO.ANN. art. 42.12, sec. 3g(b) (Vernon Supp.1989).

**3.** This appeal was transferred from the 14th Houston Court of Appeals to this Court pursuant to TEX.GOV'T CODE ANN. sec. 73.001 (Vernon 1988).

1184 (5th Cir.1987), which overrules three earlier cases and then holds:

> The correct rule is that, while a showing of objectively reasonable good faith on the part of police officers will ordinarily redeem honest errors and prevent the application of the exclusionary rule, *in a case where the officers have taken no action except what the law objectively allows their subjective motives in doing so are not even relevant to the suppression inquiry.* And the reason lies in the purpose of that rule: to deter *unlawful* actions by police. Where nothing has been done that is objectively unlawful, the exclusionary rule has no application and the intent with which they acted is of no consequence. (Emphasis added).

The police officers in this case had the right to arrest appellant on the basis of the outstanding warrant for his arrest, and they made sure the warrant was still outstanding before making the arrest. The videotape shows that the police chief advised appellant of his rights [to have a lawyer present to advise him prior to or during any questioning; to have a lawyer appointed if he was unable to employ a lawyer; to remain silent and not make any statement; and to terminate the interview at any time] in full compliance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and TEX. CODE CRIM.PRO.ANN. art. 38.22, sec. 2 (Vernon 1979). The videotape shows, and the handwritten and typewritten statements also state, that appellant made the incriminating statements voluntarily. The trial court made written findings in support of its denial of the motions to suppress, and the jury was also instructed to disregard the confessions unless the jurors believed beyond a reasonable doubt that they were voluntarily made.

We also hold that the outstanding warrant for arrest was valid pursuant to *Vallejo v. State*, 408 S.W.2d 113 (Tex.Cr.App. 1966). Moreover, the "good faith" exception to the exclusionary rule which was established in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and codified in TEX.CODE CRIM. PRO.ANN. art. 38.23(b) (Vernon Supp.

1989) is applicable; consequently, the trial court did not err in overruling the motions to suppress and admitting the confessions into evidence.

The final point of error is overruled because the confessions are sufficient to support the jury's finding of guilt.

The judgment of the trial court is affirmed.