**Victoria NOEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–87–00298–CR.

Court of Appeals of Texas,
San Antonio.

April 19, 1989.

Joseph Valdez, San Antonio, for appellant.

Fred G. Rodriguez, Robert A. McClure, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

REEVES, Justice.

Appellant was convicted of the offense of theft of property of the value of over $20.00 and under $200.00, pursuant to TEX.PENAL CODE ANN. § 31.03(a). The trial court overruled her motion to quash the complaint and information, which she now urges as error, as follows:

1. The complaint and information did not contain sufficient factual information within the instruments upon which a magistrate could make an independent finding of probable cause;

2. the complaint and information failed to inform her of the manner and means by which the theft was alleged to have occurred;

3. the complaint and information did not inform her of the manner in which the owner of the property was deprived of her property.

The original complaint and information, omitting the formal parts, states:

on or about the 11th day of AUGUST, A.D., 1986, VICTORIA NOEL with the intent to deprive the owner, RUTH CASTILLO, of property, ... did unlawfully, without the effective consent of the owner, appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which has a VALUE OF TWENTY DOLLARS ($20.00) OR MORE BUT LESS THAN TWO HUNDRED DOLLARS ($200.00).

According to appellant's brief, there was stapled to the complaint and information a statement, which was not under oath nor signed, that recited details of a dishonored check. The brief further states that the attachment refers to a check, which was not honored, without naming the maker of the check or the consideration for which the check was given. The appellant contends that we cannot consider the attached statement. The statement is not in the record; the State has not contested the allegation in the brief, so it will be accepted as correct. TEX.R.APP.P. 74(f).

■ We will first address the adequacy of the complaint, or as it is sometimes referred to, the affidavit for warrant of arrest. TEX.CODE CRIM.PROC.ANN. art. 15.05 sets out the requisites of a complaint. It must (1) state the name of the accused; (2) show the accused has committed some offense against the State, either directly or that the affiant has good reason to believe, and does believe that the accused has committed such offense; (3) state the time and place of the commission of the offense; and (4) be signed by the affiant.

The case cited by appellant, *Jones v. State*, 565 S.W.2d 934, 936 (Tex.Crim.App. 1978), addresses the need for probable cause in cases where the defendant was arrested without a warrant or as a prerequisite to the issuance of a search warrant. However, as was pointed out in *Cisco v. State*, 411 S.W.2d 547 (Tex.Crim.App.1967) and *Vallejo v. State*, 408 S.W.2d 113 (Tex. Crim.App.1966), the necessity of stating facts constituting probable cause in a complaint or affidavit for issuance of a warrant of arrest used as a basis for a search or for the issuance of a search warrant has no application to a complaint made for a criminal prosecution. A complaint made for the purpose of charging the commission of an offense must state facts sufficient to show the commission of that offense but the same particularity is not required as is necessary in an indictment or information.

*Vallejo*, 408 S.W.2d at 114. Appellant's first point of error is overruled.

■ The appellant was charged with the offense of theft in the language of the statute, TEX.PENAL CODE ANN. § 31.03(a). This has been held sufficient. *Cisco v. State, id. Cisco* is similar to this case in that the complaint alleged the offense of driving while intoxicated and used the language of the statute. The defendant's "due process" contention was rejected. This point of error is overruled.

We now turn to the allegation that appellant was not given notice in the information of the manner and means by which the theft occurred, nor the manner in which the owner was deprived of her property.

The same standards as to allegations in an indictment apply to an information. TEX.CODE CRIM.PROC.ANN. art. 21.23 (Vernon 1966). Recently, our Court of Criminal Appeals held:

> It is clear that the State need only allege that the person charged (1) "unlawfully" appropriated personal property (2) with the intent to deprive the owner of the property. *See* V.T.C.A., Penal Code, Section 31.03. If the State alleges these elements, then it has alleged all that is necessary to establish that the accused has been charged with a crime and all that is necessary to give the accused notice of the crime of which he is accused. The State need not plead the manner of acquisition or the circumstances surrounding the offense. The manner of acquisition or circumstance surrounding the acquisition are merely evidentiary matters and there is no requirement that the State plead evidentiary matters [citations omitted].
>
> The State need only prove the offenses as stated in Section 31.03(a). To plead as the State did in this case, the offense in terms of Section 31.03(a)(1) and (2) is to plead evidentiary matters which are surplusage and in point of fact give the accused more notice than is constitutionally required. [citations omitted].

*Berg v. State*, 747 S.W.2d 800, 809 (Tex. Crim.App.1984) (Opinion on motion for rehearing 1988).

■ But in *Berg* the Court was addressing a sufficiency of the evidence point of error, not a motion seeking more information as to the conduct of the accused. In *Thomas v. State*, 621 S.W.2d 158 (Tex. Crim.App.1981) a motion to quash the indictment seeking clarification as to the "owner" in a theft indictment was denied, because the term "owner" was statutorily defined as distinguished by the conduct of the accused. *Id.* at 164–65. The *Thomas* court pointed out that whether the owner has title, possession, or greater right of possession will not benefit a defendant, and does not go to giving him notice of his alleged act. *Id.* at 163. However, where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the act he allegedly committed, the motion seeking more information should be granted. *Id.* See *Lindsay v. State*, 588 S.W.2d 570 (Tex. Crim.App.1979), *Amaya v. State*, 551 S.W. 2d 385 (Tex.Crim.App.1977).

TEX. PENAL CODE ANN. § 31.02 reads:

> Theft as defined in Section 31.03 of this code constitutes a single offense superseding the separate offenses previously known as theft, theft by false pretext, conversion by a bailee, theft from the person, shoplifting, acquisition of property by threat, swindling, swindling by worthless check, embezzlement, extortion, receiving or concealing embezzled property, and receiving of concealing stolen property.

■ Although any of the above constitute theft it seems to us, upon proper motion, an accused, to prepare his defense, is entitled to know how he had allegedly taken the property, and we so hold.

■ We must now determine whether that failure of notice impacted appellant's ability to defend herself. *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986). Assuming, but not conceding, the attached check was not a part of the information, appellant was aware the charge grew out of passing a "hot check," which she signed —payable to Foley's in the sum of $119.29

—in payment for a typewriter. Therefore, although the charging instrument was lacking as to notice, she was adequately informed of the charges against her. This lack of information did not impact on her ability to prepare a defense. Appellant's second and third points are overruled.

The judgment of the trial court is affirmed.