May 5, 2003

The Honorable David Aken
County Attorney
San Patricio County Courthouse
Room 102
Sinton, Texas 78387

Opinion No. GA-0067

Re: Authority of a municipal judge to examine the state's witnesses if the state is not represented by counsel when the case is called for trial (RQ-0628-JC)

Dear Mr. Aken:

You ask whether a municipal judge may examine the state's witnesses if the state is not represented by counsel when the case is called for trial.

The question arises in the context of a dispute between a city attorney and a former municipal judge in Aransas Pass. The city attorney contends that a municipal judge may proceed to trial and examine witnesses in the absence of an attorney for the state. According to your brief, some municipal courts have continued a practice developed under former article 45.36 of the Texas Code of Criminal Procedure "to facilitate a trial without a prosecutor."[1] Former article 45.36 provided: "The justice shall examine the witnesses if the State is not represented by counsel." See Act of May 27, 1965, 59th Leg., R.S., ch. 722, art. 45.36, 1965 Tex. Gen. Laws 317, 527, renumbered as article 45.031 and amended by Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 29, 1999 Tex. Gen. Laws 5314, 5319-20. Because the legislature omitted the phrase "The justice shall examine the witnesses" from the Code in 1999, the former municipal judge argues that the practice is now forbidden.[2]

The Code of Criminal Procedure designates who may prosecute cases in municipal courts. The city attorney has the right and duty to prosecute in these courts, whereas the county attorney has the right, but not the duty. See TEX. CODE CRIM. PROC. ANN. art. 45.201(a) (Vernon Supp. 2003); Aguirre v. State, 22 S.W.3d 463, 468-69 (Tex. Crim. App. 1999) (en banc). When a state attorney

---

[1] Brief from Honorable David Aken, San Patricio County Attorney, to Honorable John Cornyn, Texas Attorney General at 1 (Nov. 1, 2002) (on file with Opinion Committee) [hereinafter Aken Brief].

[2] We assume for purposes of this opinion that the term "justice" in former article 45.36 included a municipal judge. Cf. Vallejo v. State, 408 S.W.2d 113, 114 (Tex. Crim. App. 1966) (holding that article 45.27 of 1965 Code of Criminal Procedure, concerning informality of "justice court" complaints, was also applicable to corporation court complaints). See Act of May 31, 1969, 61st Leg., R.S., ch. 547, 1969 Tex. Gen. Laws 1689 (changing name of corporation courts to municipal courts).

is unavailable for certain reasons, a municipal court judge may appoint an attorney pro tem. *See* TEX. CODE CRIM. PROC. ANN. arts. 2.07(a), (g), 45.031(2) (Vernon 1977 & Supp. 2003). But a municipal judge may not serve as judge and prosecutor in the same case. *See id.* art. 30.01 (Vernon Supp. 2003) ("No judge or justice of the peace shall sit in any case . . . where he has been counsel for the State or the accused . . . ."); *see also Galvan v. State*, 988 S.W.2d 291, 297 (Tex. App.–Texarkana 1999, pet. ref'd) (holding that no judge may serve as judge and prosecutor at the same time).

Former article 45.36 required a justice of the peace to examine witnesses when the state was not represented by counsel, even though article 30.01 forbade a justice from serving as justice and prosecutor in the same case. In 1971, this office analyzed the extent of a justice's authority under former article 45.36. *See* Tex. Att'y Gen. Op. No. M-776 (1971). This office determined that article 45.36 did not authorize a justice to present the state's case or otherwise represent the state's interest in any case before the justice. *See id.* at 3. The opinion reasoned that while a justice could ask questions "to make an intelligent ruling or to make clear certain features of the testimony," that authority fell "far short of 'presentation of' the State's case." *Id.* at 2. The opinion concluded that the court had a duty to examine witnesses in discharge of its judicial role without becoming a prosecutor in the case:

> [Former article 45.36] merely imposes upon the Justice of the Peace, in the interest of justice, the duty to examine the witnesses if the State or the defendant is not represented by counsel. The statute does not imply that the Justice of the Peace shall have the authority to undertake the representation of the State's interest.

*Id.* at 2-3. Thus, the opinion suggested a procedure similar to the practice you describe in your brief as a "trial without a prosecutor." See Aken Brief, *supra* note 1, at 1.

As your brief observes, however, the legislature substantially revised the language of former article 45.36 in 1999. The 1999 revisions renumbered article 45.36 as article 45.031 and omitted its express directive that justices examine witnesses in the state counsel's absence:

> Art. *45.031* [45.36]. *COUNSEL FOR STATE NOT PRESENT* [WITNESSES EXAMINED BY WHOM]. *If* [The justice shall examine the witnesses if] the *state* [State] is not represented by counsel *when the case is called for trial, the justice or judge may:*
>
> *(1) postpone the trial to a date certain;*
>
> *(2) appoint an attorney pro tem as provided by this code to represent the state; or*
>
> *(3) proceed to trial.*

Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 29, 1999 Tex. Gen. Laws 5314, 5319-20 (italicized text and strikeouts in original, indicating additions and deletions, respectively).

Your brief presents two possible constructions of the 1999 legislative changes. First, you suggest that because the Code of Criminal Procedure does not expressly prohibit the practice, a municipal judge may try a case without a state attorney and ask the state's witnesses questions to allow the court "to make intelligent rulings." Aken Brief, *supra* note 1, at 2-3. Alternatively, you suggest that the 1999 amendments prohibit a municipal court from questioning witnesses, and if that is the case, under article 45.032, a court cannot proceed to trial without a state attorney except to direct a verdict for the defendant. *Id.* at 2. Article 45.032 provides:

> If, upon the trial of a case in a justice or municipal court, the state fails to prove a prima facie case of the offense alleged in the complaint, the defendant is entitled to a directed verdict of "not guilty."

TEX. CODE CRIM. PROC. ANN. art. 45.032 (Vernon Supp. 2003).

The mere fact that the legislature omitted from article 45.031 the prior requirement that a justice examine witnesses in the state attorney's absence does not definitively reveal an intent to forbid the practice. The article now provides that when the state is not represented by counsel, a court has the option of proceeding to trial. *See id.* art. 45.031(3). While article 45.031 does not mandate the outcome should a municipal court choose to proceed to trial without a prosecutor, the immediately following article, article 45.032, requires a court to direct a verdict if "the state fails to prove a prima facie case." *Id.* art. 45.032. Consequently, the legislature must have understood that the 1999 amendments eliminated the only statutory basis for a court to examine the state's witnesses in that circumstance. That authority, if it exists, must now be found elsewhere.

The Texas Rules of Evidence do not authorize a municipal or justice court to call and examine witnesses when a state attorney is not present. To the contrary, Texas is one of the few states that has not adopted a rule comparable to Federal Rule of Evidence 614, which permits a federal court to call and examine witnesses on its own motion. *See Morrison v. State*, 845 S.W.2d 882, 885-86 n.10 (Tex. Crim. App. 1992) (en banc); *see also* FED. R. EVID. 614.

Nor does the common law provide support for a municipal or justice court's authority to call and examine witnesses when a state attorney is not present at trial. While they have not answered the precise question presented here, Texas courts have regularly disapproved of judges examining witnesses as a general practice. *See e.g., Morrison*, 845 S.W.2d at 887 n.10; *Galvan*, 988 S.W.2d at 297; *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.–Texarkana 1995, no pet.). One court has noted that Texas is "second to none" in its opposition to trial courts' examination of witnesses during a jury trial. *Galvan*, 988 S.W.2d at 297. The concern is most acute in a jury trial because of the danger that a court's questions could influence a jury's decision. *See Morrison*, 845 S.W.2d at 887 n.10. Also, whether trial is to a jury or to the court, when a court examines witnesses it risks "becom[ing] an advocate in the adversarial process and los[ing] the neutral and detached role

required for the fact finder and the judge." *Moreno*, 900 S.W.2d at 359. Courts in Texas have but limited authority "to question a witness when seeking information only, to clarify a point, or to get the witness to repeat something that the judge could not hear." *Id.* That authority does not go so far as to permit a court to call and examine the state's witnesses at a trial without an attorney for the state.

The 1999 amendments eliminated the only mechanism in the Texas Code of Criminal Procedure allowing examination of witnesses at a trial without state counsel. A standard reference for municipal court judges observes that a court's options are limited under articles 45.031 and 45.032:

> If the prosecutor is not present at trial – both bench and jury – the court may: (1) postpone the trial to a date certain; (2) appoint an attorney pro-tem (see Art. 2.07, C.C.P.); or (3) proceed to trial. Art. 45.031, C.C.P. If the judge opts to proceed to trial, the state's failure to present a prima facie case of the offense alleged in the complaint entitles the defendant to a directed verdict of "not guilty." Art. 45.032, C.C.P. In this instance, state witnesses, such as a peace officer, may be present at the trial but until called to testify for the state by the prosecutor, the witness would not testify.

TEXAS MUNICIPAL COURTS EDUCATION CENTER, BENCH BOOK 8-1 (4th ed. 2001).[3] We cannot categorically state that a judge who proceeds to trial without a prosecutor inevitably must render a directed verdict. It is impossible to anticipate all potential circumstances that might bear on the analysis. For example, a defendant could insist on presenting evidence even though the state has not presented a case. Nevertheless, a municipal judge is not authorized to conduct "a trial without a prosecutor" by calling and examining the state's witnesses.

---

[3]*Available at* http://www.tmcec.com/benchbook4.html.

## <u>S U M M A R Y</u>

A municipal judge does not have the authority to examine the state's witnesses if the state is not represented by counsel when the case is called for trial.

Very truly yours,

G R E G   A B B O T T
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee