# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00422-CR

**Samuel T. Jackson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. 699,387, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Samuel T. Jackson was convicted of the offense of unlawfully driving on an improved shoulder to the right of the main traveled portion of the roadway. *See* Tex. Transp. Code Ann. § 545.058 (West 1999). Jackson was fined $150.00. In five issues on appeal, Jackson asserts that: (1) the complaint did not confer jurisdiction upon the trial court because it did not "meet the minimum requirements of an affidavit by identifying the source of the allegations"; (2) the waiver provision of article 45.019(f) of the code of criminal procedure does not apply to jurisdictional issues; (3) even if he waived error pursuant to article 45.019(f), the trial court's "assumption of jurisdiction without a valid complaint is fundamental error which may be raised for the first time on appeal"; (4) article 45.019(f) of the code of criminal procedure is unconstitutional on its face and as applied "because it authorizes the trial court to proceed to trial on a void

complaint"; and (5) article 45.019(f) is facially unconstitutional because it violates the Separation of Powers Clause of the Texas Constitution. We will affirm the judgment of the county court at law.

## BACKGROUND

A misdemeanor complaint was filed against Jackson alleging that on July 29, 2002, he drove a motor vehicle on an improved shoulder to the right of the main traveled portion of a public highway. Two days prior to trial, Jackson filed a motion to dismiss alleging that the complaint was fatally defective because it "contains information and facts not ascertainable from the face of the citation" and was signed by "a person not having personal knowledge of the facts resulting in issuance of the citation." Jackson was advised by the court that his objection to the complaint had been waived because it was not filed at least 14 days prior to trial as required by Chapter 7.3 of the Local Rules of the City of Austin Municipal Court.

After Jackson was convicted and fined $150.00, he filed a motion for new trial again alleging that the complaint was fatally defective. The court denied Jackson's motion, finding that Jackson's objection was untimely filed pursuant to article 45.019(f) of the code of criminal procedure[1] and that the complaint did not deprive the court of jurisdiction. The municipal court's judgment was affirmed by Travis County Court at Law Number One. This appeal followed.

---

[1] Article 45.019(f) provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in a charging instrument before the date on which the trial on the merits commences, the defendant waives and forfeits the right to object to the defect, error, or irregularity. Nothing in this article prohibits a trial court from requiring that an objection to a charging instrument be made at an earlier time.

Tex. Code Crim. Proc. Ann. art. 45.019(f) (West Supp. 2005).

2

**DISCUSSION**

**Jurisdiction**

Before proceeding to the merits of Jackson's appeal, the State asserts that we are without jurisdiction to hear this appeal because Jackson did not timely file his appeal bond. *See* Tex. Code Crim. Proc. Ann. art. 45.0426(b) (West Supp. 2005) ("If an appeal bond is not timely filed, the appellate court does not have jurisdiction over the case and shall remand the case to the justice or municipal court for execution of the sentence"). Article 45.0426 applies to appeals from municipal courts to county courts. *See id*. art. 45.042 (West Supp. 2005) ("Appeals from a justice or municipal court . . . shall be heard by the county court"); *see also* Tex. Gov't Code Ann. § 30.00731(b) (West 2004) ("In this subchapter, 'appellate courts' means the county courts at law of Travis County that have criminal appellate jurisdiction").

Jackson is not currently appealing from a judgment of the municipal court. He is appealing to this Court from a judgment of the county court at law affirming the municipal court's judgment.**²** Appeals to the courts of appeals are governed by the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 1.1, 3.1. The judgment of the county court at law was rendered on June 22, 2005. Jackson filed his notice of appeal on July 6, 2005. Jackson's notice of appeal to this

---

**²** We would not have jurisdiction over this appeal if Jackson's fine had not exceeded $100.00. *See* Tex. Code Crim. Proc. Ann. 4.03 (West 2005); *Meisner v. State*, 907 S.W.2d 664, 666 (Tex. App.—Waco 1995, no pet.); *see also* Tex. Gov't Code Ann. § 30.00027(a) (West 2004) ("The appellant has the right to appeal to the court of appeals if the fine assessed against the defendant exceeds $100 and if the judgment is affirmed by the appellate court").

Court was timely.[3]  *See* Tex. R. App. P. 26.2(a).  We have jurisdiction over Jackson's appeal, and now turn to its merits.

**The complaint**

In his first issue, Jackson contends that the complaint is void because it did not identify the source of the allegations against him.  He compares complaints to affidavits supporting arrest or search warrants, and asserts that a "valid affidavit must reveal its sources" and cannot be "conclusory."

The complaint against Jackson reads, in relevant part:

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, THE UNDERSIGNED AFFIANT, DO SOLEMNLY SWEAR THAT I HAVE GOOD REASON TO BELIEVE AND DO BELIEVE THAT ONE SAMUEL T. JACKSON ON OR ABOUT THE 29TH DAY OF JULY, 2002, AND BEFORE THE MAKING AND FILING OF THIS COMPLAINT, WITHIN THE TERRITORIAL LIMITS OF THE CITY OF AUSTIN, TEXAS.

Did then and there drive a motor vehicle, not an authorized emergency vehicle responding to a call, a police patrol, or bicycle, on an improved shoulder to the right of the main traveled portion of a public highway, to wit: 5400 BLOCK ED BLUESTEIN when the operation of said vehicle was not necessary and not done safely, and not done only: to stop, stand or park; to accelerate before entering the main-traveled lane of traffic; to decelerate before making a right turn; to pass another vehicle that was slowing or stopped on the main traveled portion of the highway,

---

[3] We also note that Jackson's appeal from the municipal court to the county court at law was timely.  The City of Austin's municipal court is a municipal court of record.  *See* Tex. Gov't Code Ann. § 30.00731(a) (West 2004).  Appeals from municipal courts of record are governed by sections 30.00014 and 30.00015 of the government code.  To perfect an appeal, the appellant must file a written motion for new trial with the municipal clerk not later than the 10th day after the date on which judgment is rendered, give notice of appeal, and file an appeal bond with the municipal court of record not later than the 10th day after the date on which the motion for new trial is overruled.  *See id*. § 30.00014(c), (d); § 30.00015(a).  The record reflects that Jackson satisfied these requirements.

disabled, or preparing to make a left turn; to allow another vehicle traveling faster to pass; to avoid a collision; or as permitted or required by an official traffic control device.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Article 45.019 provides, in relevant part:

(a) A complaint is sufficient, without regard to its form, if it substantially satisfies the following requisites:

(1) it must be in writing;

(2) it must commence "In the name and by the authority of the State of Texas";

(3) it must state the name of the accused, if known, or if unknown, must include a reasonably definite description of the accused;

(4) it must show that the accused has committed an offense against the law of this state, or state that the affiant has good reason to believe and does believe that the accused has committed an offense against the law of this state;

(5) it must state the date the offense was committed as definitely as the affiant is able to provide;

(6) it must bear the signature or mark of the affiant; and

(7) it must conclude with the words "Against the peace and dignity of the State" and, if the offense charged is an offense only under a municipal ordinance, it may also conclude with the words "Contrary to the said ordinance".

Tex. Code Crim. Proc. Ann. art. 45.019(a) (West Supp. 2005).

The complaint against Jackson satisfies all of the above requirements.  We can find no authority for Jackson's assertion that a complaint must satisfy more stringent requirements.[4]  For at least 40 years, the rule in Texas has been that "a complaint must state facts sufficient to show the commission of an offense charged but the same particularity is not required as is necessary in an indictment or information." *Vallejo v. State*, 408 S.W.2d 113, 114 (Tex. Crim. App. 1966); *Schmitz v. State*, 952 S.W.2d 922, 924 (Tex. App.—Fort Worth 1997, pet. ref'd).  Jackson asks this Court to "revisit and overrule" *Vallejo* but, as an intermediate appellate court, we are in no position to do so.  *McKinney v. State,* 177 S.W.3d 186, 192 (Tex. App.—Houston [1st Dist.] 2005, pet. granted) ("As an intermediate appellate court, we must follow binding precedent of the Court of Criminal Appeals"); *see Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 564-65 (Tex. App.—Austin 2004, no pet.) ("As an intermediate appellate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute").

We conclude that Jackson, "from reading the complaint, could ascertain with reasonable certainty with what he was being charged so as to properly prepare a defense." *See Vallejo*, 408 S.W.2d at 114.  We overrule Jackson's first issue.

---

[4] All of the cases Jackson cites to concern affidavits or "complaints" supporting arrest or search warrants and are not applicable here.

Having addressed the merits of Jackson's challenge to the complaint, we need not address his remaining issues, as they are based on the assumption that Jackson waived error pursuant to article 45.019(f).[5] We overrule Jackson's second, third, fourth, and fifth issues.

**CONCLUSION**

Having overruled Jackson's issues on appeal, we affirm the judgment of the county court at law.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: August 18, 2006

Do Not Publish

---

[5] Ordinarily, we would have first decided whether Jackson waived his challenge to the complaint pursuant to article 45.019(f) and determined if that issue disposed of the appeal. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"). However, in this case Jackson contests the constitutionality of the waiver provision. Therefore, if we were to first conclude that Jackson waived his challenge to the complaint pursuant to article 45.019(f), we would next have to decide if article 45.019(f) was constitutional. Because we should not decide constitutional issues unless required to do so for disposition of the case, *see Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006) ("'If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable'") (quoting *Clinton v. Jones*, 520 U.S. 681, 690 (1997)), we have assumed for the purposes of this appeal that Jackson satisfied the requirements of article 45.019(f).