**Reversed and Remanded and Memorandum Opinion filed November 9, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00587-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**JOSE M. HUERTA, Appellee**

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 2222489**

## MEMORANDUM OPINION

The State of Texas appeals the trial court's dismissal of the case against appellee, Jose M. Huerta. Concluding the trial court erred when it granted Huerta's motion to dismiss, we reverse the trial court's dismissal order and remand the case to the trial court for further proceedings.

### BACKGROUND

The Harris County District Attorney's office accepted a charge of indecent

exposure against Huerta. Pursuant to Article 21.22, Code of Criminal Procedure, a complaint was drafted, signed by an affiant, and affixed with a jurat. *See* Tex. Code Crim. Proc. Ann. art. 15.05; 21.22. The complaint and its associated information were then transmitted to the District Clerk's Office, which led to the present case.

Huerta filed a motion asking the trial court to "dismiss this case based on defects in the complaint." Huerta argued that "[t]he complaint in this case does not meet the basic essential requirements provided by Texas statute, the Texas Constitution, or the U.S. Constitution" because it would not "enable the appropriate magistrate to determine whether a sufficient basis for probable cause exists for the charge." The State filed a response to Huerta's motion. Five months later, the trial court granted Huerta's motion without holding a hearing. The State appealed the trial court's dismissal order.

## ANALYSIS

On appeal, the State argues that the complaint in Huerta's case is legally valid because it meets all statutory and constitutional requirements. It further asserts that a complaint is not, under Texas law, required to establish probable cause. *See Vallejo v. State*, 408 S.W.2d 113, 115 (Tex. Crim. App. 1966) (holding in an arrest without a warrant case that a complaint need not "stat[e] facts constituting probable cause" because the complaint serves as neither a basis for an arrest nor for a search). In response, Huerta concedes that the complaint in his case meets all statutory requirements for a complaint. Huerta goes on to argue that this court is required to "determine whether the complaint [is] invalid for any reason," regardless of whether he raised that basis in the trial court. Huerta then asserts that the complaint in his case does not comply with article 2.04 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 2.04 ("Upon complaint

2

being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney.").

This court has previously addressed, and rejected, Huerta's arguments, including his article 2.04 argument. In *State v. Yakushkin*, this court resolved eleven appeals raising the same arguments as Huerta, in the State's favor. 625 S.W.3d 552, 555, 562 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (holding that the affidavits accompanying the informations in the eleven cases on appeal did not violate article 2.04). We therefore follow this court's binding precedent and reject Huerta's arguments for the same reasons as stated in *Yakushkin*. *Id.* We sustain the State's issue on appeal.

## CONCLUSION

Having sustained the State's issue on appeal, we reverse the trial court's dismissal order and remand this case to the trial court for further proceedings.


/s/     Jerry Zimmerer
        Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.
Do Not Publish — TEX. R. APP. P. 47.2(b).