# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00090-CR
NO. 03-15-00091-CR
NO. 03-15-00092-CR

**Christopher Leverson, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
NOS. C-1-CR-14-100034, C-1-CR-14-100035, & C-1-CR-14-100036,
THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Christopher Leverson was charged by complaint with three traffic offenses: driving with an expired registration, *see* Tex. Transp. Code §§ 502.040(a), 502.471(a), failing to maintain financial responsibility, *see id.* §§ 601.051, 601.191(a), and failing to display a driver's license, *see id.* § 522.25(a). After a jury trial in the municipal court of record, the jury found appellant guilty of all three offenses and assessed his punishment at fines totaling $750.[1] Appellant filed a motion for new trial, which was overruled by operation of law. *See* Tex. Gov't Code

---

[1] The jury assessed a $200 fine for driving with an expired registration, *see* Tex. Transp. Code § 502.471(c) (providing that offense is misdemeanor punishable by fine not to exceed $200), a $350 fine for failing to maintain financial responsibility, *see id.* § 601.191(b) (providing that offense is misdemeanor punishable by fine not less than $175 or more than $350), and a $200 fine for failing to display a driver's license, *see id.* § 521.25(c) (providing that offense is misdemeanor punishable by fine not to exceed $200). The municipal court also assessed court costs in each case.

§ 30.00014(c). Appellant then appealed the municipal court's judgments to the county court at law. *See id.* § 30.00014(a); *see also* Tex. Code Crim. Proc. arts. 4.08, 45.042. The county court issued a written opinion and judgment affirming the judgments of the municipal court. *See* Tex. Gov't Code § 30.00024(a), (c); *see also id.* § 30.00014(b); Tex. Crim. Proc. Code art. 45.042(b). Proceeding pro se, appellant now appeals to this court. *See* Tex. Gov't Code § 30.00027(a) (defendant convicted in municipal court of record may appeal to court of appeals if fine assessed against defendant exceeds $100 and county court affirms municipal court's judgment). We will affirm the judgment of the county court at law.

## BACKGROUND[2]

Larry Vest, a patrol officer with the Austin Police Department, was on patrol with his partner "running license plates" on his in-car computer, "looking for expired registration, no insurance, and warrants that would be attached to the license plate." He ran the plates of a white Jeep and the computer check on the license plate indicated that the Jeep had an expired registration. Officer Vest initiated a traffic stop by activating his emergency lights on his patrol car. The driver did not immediately pull over, and Officer Vest had to advise the driver to pull over on the patrol car's loudspeaker. Eventually, the driver complied and pulled over.

---

[2] Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we provide only a general overview of the facts of the case here. We provide additional facts in the opinion as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4. The facts recited are taken from the testimony and other evidence presented at trial.

Officer Vest made contact with the driver and sole occupant, who was identified as appellant. He advised appellant about why he had been pulled over and asked appellant for his driver's license and insurance. The officer asked appellant several times for his driver's license and insurance, as did his partner a few minutes later, but appellant did not provide the requested information and indicated that he was refusing to give the items to the officer. Ultimately, the officer issued appellant citations for expired motor vehicle registration, failure to maintain financial responsibility, and failure to display a Texas driver's license.[3]

## DISCUSSION

Appellant raises five issues in which he complains about the municipal court's central docket system, challenges the charging instruments filed against him, contests the municipal court's personal jurisdiction over him, claims a Fifth Amendment violation, and asserts a due process violation.

To perfect an appeal from the judgment of a municipal court of record, an appellant must file a written motion for new trial with the municipal clerk setting forth the points of error of which appellant complains. *See* Tex. Gov't Code § 30.00014(c). The reviewing court must then determine the appeal "on the basis of the errors that are set forth in the appellant's motion for new trial *and* that are presented in the clerk's record and reporter's record prepared from the proceedings leading to the conviction or appeal." *See id.* § 30.00014(b) (emphasis added). Thus, when appealing

---

[3] It is not entirely clear from the record, but it appears that appellant was arrested on the citations when he refused to sign the citations. (The signature on a citation constitutes a promise to subsequently appear in court on the charges.)

from a municipal court of record, to preserve an issue for consideration, a claim of error must be raised in the motion for new trial, and the record must reflect that the same claim was raised before the municipal court prior to conviction. *See* George E. Dix & John M. Schmolesky, 43B TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 56:27, at 329 (3d ed. 2011) ("This means that on appeal a claim of error is cognizable only if it is both (a) presented in the record; *and* (b) set forth in the motion for trial.").

In his first issue, appellant complains about the "round robin style of judicial review," which is how appellant characterizes the "central docket" system of the municipal court, the procedures of which involved the assignment of multiple municipal court judges to appellant's cases. He contends that the failure of the municipal court to provide documentation showing that a specific judge had been assigned to his cases constituted a "due process and statute violation."[4] However, appellant did not raise this issue in his motion for new trial. Therefore, he has failed to preserve any alleged error on this issue for consideration on appeal.

In his fifth issue, appellant asserts that he was denied his right to due process by the State's failure to provide the officer's incident report concerning the traffic stop, in violation of the court's discovery order.[5] At trial, appellant learned of the existence of the incident report when

---

[4] There is no dispute that each of the three judges involved in appellant's cases were Austin municipal court judges.

[5] Appellant filed a motion for discovery as well as an amended motion for discovery, which apparently were orally granted in part. In his amended motion, appellant requested "[t]he official police/arrest report associated with the initial stop, arrest and detention of [appellant] on or about [the date of the traffic stop]." That request was in the portion of the amended discovery motion that was granted.

Furthermore, in both motions, appellant made his discovery requests "pursuant to Art. 39.14, Tex. Code Crim. Proc." Article 39.14(a) governs discovery in criminal law matters, and addresses

Officer Vest referred to it during his testimony to refresh his recollection. Appellant objected on the grounds that he had not been given the report as he had requested in his discovery motions. The prosecutor indicated that the State did not have the offense report in its possession and, further, that he was unaware of the report and had not seen it or reviewed it. The court recessed to allow the parties an opportunity to review it, indicating that afterward "any motions [could] be made accordingly." After the recess, the court questioned the officer concerning his "notes." The court then concluded that the report "[fell] into the work product exception," which is not discoverable. In response to the court's determination, appellant asserted that it "[was] going to take [him] days to go over this and highlight inconsistencies to question the credibility of that witness based on what's in this report"[6] and complained

> It is completely unfair to suggest that this is fair because the Prosecutor didn't do his due diligence to provide the documents that are clearly asked for in the motion to discovery and the motion to compel discovery when the initial Prosecutor failed to do so. This -- this is -- this is unbelievable.

---

what the State must produce and when the State must produce it. *See* Tex. Code Crim. Proc. art. 39.14(a). The discovery statute was recently amended, implementing new discovery procedures that became effective with the passage of the Michael Morton Act. *See* Michael Morton Act, 83d Leg., R.S., ch. 49, 2013 Tex. Gen. Laws 106 (codified at Tex. Code Crim. Proc. art. 39.14). Appellant's cases were tried after the new procedures went into effect on January 1, 2014. At the time of trial, the version of article 39.14 in effect provided that "as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers . . . " *See* Michael Morton Act, 83d Leg., R.S., ch. 49, 2013 Tex. Gen. Laws 106 (amended 2015) (current version at Tex. Code Crim. Proc. art. 39.14).

[6] In spite of this assertion, appellant did not move for a continuance or request additional time to review the report.

5

The prosecutor responded, arguing that

> the offense report, Your Honor, is -- is privileged work product under 39.14 of the Code of Criminal Procedure. It is not something that the State needs to provide, even if we did know about it prior to today, which we did not.

Appellant then challenged the court's determination (and the prosecutor's contention) that the report was work product:

> The -- the witness himself has called this the incident report. This is what I was -- asked for in discovery. This is not work product. This is readily-available incident report.
>
> . . .
>
> This is what I was -- asked for in discovery. This is not work product. This is readily-available incident report.

Appellant's repeated complaint to the municipal court was that the prosecutors failed to provide the officer's incident report when he had specifically requested such documents in his discovery motions. At most, his complaint asserted that the State's failure to provide the offense report violated the court's discovery order. At no time, however, did appellant assert that either the State's failure to provide the report or the violation of the court's discovery order constituted a violation of his due process rights. Thus, while appellant raised this issue in his motion for new trial, the complaint is not "presented in the . . . reporter's record prepared from the proceedings leading to the conviction." Therefore, appellant has failed to preserve any alleged error on this issue for consideration on appeal. *Cf. Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014) "[A]ll

6

errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial.") (citing *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008)).

Preservation of error is a systemic requirement on appeal. *Darcy v. State*, 488 S.W.3d 325, 327 (Tex. Crim. App. 2016); *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010). Accordingly, we overrule appellant's first and fifth issues.

In his second issue, appellant challenges the charging instruments filed in these cases. He argues that the complaint in each case "does not meet the criteria of a proper charging instrument which would invest the court with jurisdiction nor does a complaint satisfy the right of a defendant to know the nature and cause of the charges made against him."

Relying on Article V, Section 12(b), of the Texas Constitution,[7] appellant asserts that article 27.01 of the Code of Criminal Procedure "is the controlling statute for initial pleadings of the State being an information or an indictment." *See* Tex. Code Crim. Proc. art. 27.01 ("The primary

---

[7] Article V, Section 12(b), provides

An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

Tex. Const. art. V, § 12(b).

pleading in a criminal action on the part of the State is the indictment or information."). However, "Section 12(b) does not support the contention that 'no other charging instrument is sufficient to invoke the jurisdiction of a municipal or county court in a Class C misdemeanor case'" as appellant suggests. *See Camp v. State*, No. 06-12-00054-CR, 2012 WL 1569829, at *1 (Tex. App.—Texarkana May 3, 2012, pet. ref'd) (mem. op., not designated for publication) (quoting *Schinzing v. State*, 234 S.W.3d 208, 209 (Tex. App.—Waco 2007, no pet.)). Various courts are permitted to exercise jurisdiction over criminal cases in Texas.[8] There are three types of charging instruments that invoke the criminal jurisdiction of these various courts: an indictment, an information, and a complaint.[9] *Huynh v. State*, 901 S.W.2d 480, 481 n.3 (Tex. Crim. App. 1995); *Schinzing*, 234 S.W.3d at 210. An indictment is required in a felony case. *Camp*,

---

[8] Generally, criminal jurisdiction is vested as follows: Original jurisdiction in felony criminal matters lies with the district court or criminal district court. *See* Tex. Code Crim. Proc. art. 4.05. County courts (both statutory county courts and constitutional county courts with criminal jurisdiction) "have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars." *Id.* art. 4.07. Municipal courts share concurrent original jurisdiction with justice courts in criminal cases arising "within the territorial limits of the municipality and are punishable by fine only" or which "arise under Chapter 106, Alcoholic Beverage Code, and do not include confinement as an authorized sanction." *Id.* art. 4.14(b)(2). Municipal courts have exclusive original jurisdiction "within the territorial limits of the municipality in all criminal cases" arising "under the ordinances of the municipality" and which "are punishable by a fine not to exceed . . . $500 in all other cases arising under a municipal ordinance." *Id.* art. 4.14(a); *see also* Act of May 23, 1985, 69th Leg., R.S., ch. 480, 1985 Tex. Gen. Laws 1720, 1817 (amended 1987) (current version at Tex. Gov't Code § 29.003(a)(1)(A), (2)(C)).

[9] An indictment is "the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense." Tex. Code Crim. Proc. art. 21.01; *see* Tex. Const. art. V, § 12(b). An information is "a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted." Tex. Code Crim. Proc. art. 21.20; *see* Tex. Const. art. V, § 12(b). A complaint, "[f]or purposes of [Chapter 45 of the Penal Code]," is "a sworn allegation charging the accused with the commission of an offense." Tex. Code Crim. Proc. art. 45.018(a).

2012 WL 1569829, at *1; see Tex. Const. art. I, § 10 ("no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment"); Tex. Code Crim. Proc. art. 1.05 ("no person shall be held to answer for a felony unless on indictment of a grand jury"); *Cook v. State*, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995) ("[t]he filing of an indictment is essential to vest the trial court with jurisdiction over a felony offense"). When a felony offense is not involved, an information is sufficient to invoke the jurisdiction of the court. *Camp*, 2012 WL 1569829, at *1; *Schinzing*, 234 S.W.3d at 210. Finally, "[t]he original criminal jurisdiction of a justice or municipal court is invoked by the filing of a complaint." *Schinzing*, 234 S.W.3d at 210; *see Huynh*, 901 S.W.2d at 481 n.3 ("A complaint serves as the sole charging instrument in municipal court."). "[N]either an information nor an indictment is required to invoke the criminal jurisdiction of a municipal court or a justice court; there, criminal jurisdiction is created by filing a complaint." *Barksdale v. State*, No. 13-11-00678-CR, 2013 WL 268889, at *1 (Tex. App.—Corpus Christi Jan. 24, 2013, no pet.) (mem. op., not designated for publication); *see Camp*, 2012 WL 1569829, at *2 ("[T]he complaint in the municipal court serves as the functional equivalent of an information in the county court.").

The instant prosecutions against appellant, for Class C misdemeanors punishable by fine only, are governed by Chapter 45 of the Code of Criminal Procedure:

> Criminal proceedings in the justice and municipal courts shall be conducted in accordance with this chapter, including any other rules of procedure specifically made applicable to those proceedings by this chapter. If this chapter does not provide a rule of procedure governing any aspect of a case, the justice or judge shall apply the other general provisions of this code to the extent necessary to achieve the objectives of this chapter.

9

*See* Tex. Code Crim. Proc. art. 45.002; *see also id.* art. 45.001 ("The purpose of this chapter is to establish procedures for processing cases that come within the criminal jurisdiction of the justice courts and municipal courts."). Thus, contrary to appellant's contention, Chapter 45 of the Texas Code of Criminal Procedure, not Chapter 21 ("Indictment and Information") or Chapter 27 ("The Pleading in Criminal Actions"), sets forth the procedures to be followed in proceedings before the justice and municipal courts.

In each of these cases, a complaint was filed against appellant. *See id.* art. 45.018(a) ("a complaint is a sworn allegation charging the accused with the commission of an offense"). Each of these complaints met the statutory requirements set forth in article 45.019. *See id.* art. 45.019 (setting forth requisites of complaint). In fact, appellant does not dispute that the complaints satisfied the statutory requirements; he simply disapproves of the procedures set forth in Chapter 45. He argues,

> It is an absurd miscarriage of justice to believe that a person is capable of being informed of the nature and cause of the charges against him by a document that only meets the specific criteria set forth in CCP Chapter [sic] 45.019, as it is absurd to suggest that a complaint filed by the clerk of the court is, or can be, the initial pleading of the State.

He also asserts that any provision that allows for a complaint to substitute for an information or indictment, which he deems the only "proper charging instrument[s]," violates Article I, Section 29, of the Texas Constitution.[10]

---

[10] Article I, Section 29, states:

To guard against transgressions of the high powers herein delegated, we declare that

Appellant's arguments, however, are based on his mistaken reliance on the constitutional provisions that he cites, and fail to consider other applicable constitution provisions. Article V, Section 1, of the Texas Constitution, provides

> The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, *and in such other courts as may be provided by law*.
>
> The Legislature *may establish such other courts* as it may deem necessary *and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of* the district and *other inferior courts* thereto.

Tex. Const. art. V, § 1 (emphasis added). The Texas Constitution grants the legislature authority to adapt the judicial system to changing conditions so that "the needs of the state which might develop in its future growth could be provided for by the legislature from time to time." *Harris Cty. v. Stewart*, 41 S.W. 650, 655 (Tex. 1897); *see Kelly v. State*, 724 S.W.2d 42, 46 (Tex. Crim. App. 1987) (recognizing legislative authority to create courts other than constitutional courts identified in first paragraph of Article V, Section 1, of Texas Constitution).

The Texas Constitution grants criminal jurisdiction for misdemeanor cases punishable by fine only to justice courts. *See* Tex. Const. art. V, § 19. ("Justice of the peace courts shall have original jurisdiction in criminal matters of misdemeanor cases punishable by fine only[.]").

---

everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void.

Tex. Const. art. I, § 29.

However, the legislature exercised its constitutional authority when it enacted the statutory scheme creating municipal courts, *see* Tex. Gov't Code §§ 29.002 ("A municipal court is created in each municipality."), 30.00003 (providing for creation of municipal court of record by ordinance of governing body of municipality), and vested those courts with criminal jurisdiction over misdemeanors punishable by fine only, *see id.* §§ 29.003(a)–(b), 30.00005(a); Tex. Code Crim. Proc. art. 4.14 (a)–(b).  As Chief Justice Gray of the Waco Court of Appeals observed in his concurring opinion in *Schinzing v. State*,

> The Texas Constitution, however, does not make indictments and informations the exclusive means to invoke a court's jurisdiction in a criminal case.  The Texas Constitution authorizes the creation of other courts and to "prescribe the jurisdiction and organization thereof."  Tex. Const. art. V, § 16 [sic].  Under this additional provision, the Constitution authorized the creation of other courts and provided the legislature could also set their jurisdiction and how they would be organized within the other courts.  Unless otherwise expressly excluded, this would necessarily include an implied authorization for the legislature to specify how that court's jurisdiction was invoked and how its decisions would be reviewed.  So the answer to the issue presented is that article V, section 12(b) of the Texas Constitution does not foreclose the legislature from utilizing other means to invoke statutorily-created court's criminal jurisdiction, and the manner in which those courts are organized for the review of their decisions.

234 S.W.3d at 212 (Gray, C.J., concurring).

The provisions of Chapter 45 of the Code of Criminal Procedure, enacted by the legislature pursuant to its constitutional authority, provide a "proper charging instrument," constitutionally speaking, to initiate a criminal proceeding in municipal court and to vest the court with jurisdiction.  *Cf. Williams v. State*, 707 S.W.2d 40, 45 (Tex. Crim. App. 1986) (Citing to Article V, Section 1 of the Texas Constitution and observing, "It is also clear that the Legislature

12

may define certain parameters within the operation of the judicial branch, whether it be to mandate certain penalties, i.e., generally V.T.C.A. Penal Code, Sec. 12.42, Art. 37.071, V.A.C.C.P.; certain procedures, i.e., the Texas Code of Criminal Procedure; or even rules of evidence."); *see, e.g.*, *Camp*, 2012 WL 1569829, at *2 ("Because the complaint in this case served as a valid charging instrument in the municipal court, the complaint properly invoked the original jurisdiction of the City of East Mountain Municipal Court."); *Schinzing*, 234 S.W.3d at 211 ("Here, the Municipal Court of Cleburne exercised jurisdiction over the charges against Schinzing under the concurrent jurisdiction provisions of article 4.14(b) of the Code of Criminal Procedure and section 29.003(b) of the Government Code. Thus, the original jurisdiction of the municipal court was invoked by the filing of the complaints against Schinzing."); *State v. Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd) ("Each complaint did charge an offense and was sufficient on its face to invoke the jurisdiction of the Austin Municipal Court of Record."); *Bailey v. State*, 15 S.W.3d 622, 626 (Tex. App.—Dallas 2000, no pet.) ("The filing of the complaint in each case conferred jurisdiction on the municipal court.").

To the extent that appellant's argument suggests that the complaints filed in these cases are insufficient to provide him adequate notice of the charges against him, we cannot agree. The Texas and United States Constitutions grant a criminal defendant the right to fair notice of the specific charged offense. *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008); *see* U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see also* Tex. Code Crim. Proc. art. 1.05. Thus, the charging instrument must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense. *Barbernell*, 257 S.W.3d at 250; *see Curry v. State*,

13

30 S.W.3d 394, 398 (Tex. Crim. App. 2000) ("The charging instrument must convey sufficient notice to allow the accused to prepare a defense.").

Article 45.019 of the Code of Criminal Procedure, which governs complaints in municipal court, provides legislative guidance concerning the requirements of a complaint and the adequacy of notice.[11] *See* Tex. Code Crim. Proc. art. 45.019. Each of the complaints filed against appellant in these cases satisfied all of the statutory requirements. We find no authority for appellant's assertion that a complaint must satisfy more stringent requirements. For almost 50 years, the rule in Texas has been that "a complaint must state facts sufficient to show the commission of

---

[11] Specifically, the statute provides, in relevant part:

(a) A complaint is sufficient, without regard to its form, if it substantially satisfies the following requisites:
 (1) it must be in writing;
 (2) it must commence "In the name and by the authority of the State of Texas";
 (3) it must state the name of the accused, if known, or if unknown, must include a reasonably definite description of the accused;
 (4) it must show that the accused has committed an offense against the law of this state, or state that the affiant has good reason to believe and does believe that the accused has committed an offense against the law of this state;
 (5) it must state the date the offense was committed as definitely as the affiant is able to provide;
 (6) it must bear the signature or mark of the affiant; and
 (7) it must conclude with the words "Against the peace and dignity of the State"[.]

. . .

(c) A complaint filed in municipal court must allege that the offense was committed in the territorial limits of the municipality in which the complaint is made.

Tex. Code Crim. Proc. art. 45.019(a), (c).

14

an offense charged but the same particularity is not required as is necessary in an indictment or information." *Vallejo v. State*, 408 S.W.2d 113, 114 (Tex. Crim. App. 1966) (discussing constitutional notice requirement and adequacy of complaint filed in corporation court as charging instrument[12]); *Jackson v. State*, No. 03-05-00422-CR, 2006 WL 2380398, at *3 (Tex. App.—Austin Aug. 18, 2006, pet. ref'd) (mem. op., not designated for publication); *see State v. Cooper*, 420 S.W.3d 829, 831 n.11 (Tex. Crim. App. 2013) (citing *Vallejo*, 408 S.W.2d at 114) (recognizing that "complaint must state facts sufficient to show the commission of an offense charged" when court affirmed dismissal of complaint because charging instrument, which failed to properly allege violation of city ordinance, was insufficient to state chargeable offense); *see also Marzett v. State*, No. 05-14-01570-CR, 2015 WL 3451960, at *6 (Tex. App.—Dallas May 29, 2015, pet. ref'd); *Schmitz v. State*, 952 S.W.2d 922, 924 (Tex. App.—Fort Worth 1997, pet. ref'd).

Furthermore, "[a]s a general rule, a charging instrument that tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense." *State v. Laird*, 208 S.W.3d 667, 669 (Tex. App.—Fort Worth 2006, no pet.) (citing *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996)). For that reason, the Court of Criminal Appeals has repeatedly recognized that in most cases a charging instrument that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice. *Barbernell*, 257 S.W.3d at 251; *see, e.g.*, *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007); *State v. Moff*, 154 S.W.3d 599, 601–02 (Tex. Crim. App. 2004); *Curry*, 30 S.W.3d at 398; *State v. Mays*,

---

[12] *See* Tex. Gov't Code § 29.002 ("A reference in state law to a 'corporation court' means a 'municipal court.'").

967 S.W.2d 404, 406 (Tex. Crim. App. 1998); *Olurebi v. State*, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994); *Phillips v. State*, 597 S.W.2d 929, 934 (Tex. Crim. App. 1980); *Parr v. State*, 575 S.W.2d 522, 526 (Tex. Crim. App. 1978)). Here, each of the complaints tracked the statutory language of the Transportation Code provisions under which appellant was charged. We conclude that in each of these cases, appellant, "from reading the complaint, could ascertain with reasonable certainty with what he was being charged so as to properly prepare a defense." *See Vallejo*, 408 S.W.2d at 114; *see e.g.*, *Bader v. State*, No. 05-06-00733-CR, 2007 WL 867022, at *2 (Tex. App.—Dallas Mar. 23, 2007, no pet.) (mem. op., not designated for publication) (concluding complaint was sufficient to inform appellant of offense of running stop sign); *Jackson*, 2006 WL 2380398, at *3 (concluding complaint satisfied statutory requirements and provided sufficient notice of offense of unlawfully driving on improved shoulder); *State v. Lang*, 916 S.W.2d 63, 65 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (concluding complaint complied with statutory requirements and was sufficiently specific in its allegation of offense of speeding).

In sum, the complaints filed in these cases were "proper charging instrument[s]" that vested the municipal court with jurisdiction and adequately gave appellant sufficient notice of the offenses with which he was charged. Accordingly, we overrule appellant's second issue.

In his third issue, appellant asserts that the municipal court lacked personal jurisdiction over him because he was "not engaged in the regulated activity governed by the specific regulatory code." Appellant conflates personal jurisdiction with subject matter jurisdiction. "[T]here are two types of jurisdiction: the trial court's jurisdiction to consider particular types of offenses (subject-matter jurisdiction) and the trial court's jurisdiction over a particular defendant conferred

16

by a charging instrument (personal jurisdiction)." *Trejo v. State*, 280 S.W.3d 258, 262 (Tex. Crim. App. 2009) (Keller, P.J., concurring); *see State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009) (quoting *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981)) ("A trial court's jurisdiction over a criminal case consists of 'the power of the court over the "subject matter" of the case, conveyed by statute or constitutional provision, coupled with "personal" jurisdiction over the accused,' which is invoked in . . . prosecutions by the filing of [a charging instrument]."). As our discussion of appellant's second issue demonstrates, *see supra* p. 9–16, the complaints filed against appellant, which were statutorily sufficient and constitutionally adequate, vested the municipal court with personal jurisdiction over appellant in each of these cases. *See* Tex. Code Crim. Proc. arts. 45.018, 45.019; *Huynh*, 901 S.W.2d at 481 n.3 (complaint serves as charging instrument in municipal court).

Because appellant conflates the two types of jurisdiction, we also address what appears to be a challenge the subject matter jurisdiction of the municipal court. In asserting that the court lacked personal jurisdiction, appellant claims that he was not engaged in "any regulated activity governed by the regulatory code known as the Transportation Code" because he was "neither actively nor passively engaged in commerce or commercial activity" and was "not engaged in the movement of goods, property, passengers or people for compensation or hire." He further asserts that because he was not engaged in "transportation" (as he interprets the term)—which he contends was required for him to be subject to the provisions of the Transportation Code—he cannot be in violation of any provisions of the Transportation Code, including those he was convicted of violating.

17

Appellant confuses the concept of jurisdiction with evidentiary sufficiency. Further, his argument relies on his novel interpretation of the term "transportation"—as well as the terms "vehicle," "motor vehicle," "driver," "operator," and "this state" as used in the Transportation Code—and his application (or misapplication) of them to the Transportation Code violations with which he was charged. However, as the county court at law observed, the definition of "transportation" is irrelevant to the offenses with which appellant was charged. *See also Perkins v. State*, No. 03-15-00702-CR, 2016 WL 4272109, at \*2 (Tex. App.—Austin Aug. 11, 2016, no. pet. h.) (noting that "[t]he definition of 'transportation' is irrelevant to the offense for which [appellant] was charged" when rejecting appellant's claim that he could not have been in violation of Texas Transportation Code provision because he was not engaged in activity constituting his definition of "transportation"). Appellant was not charged with "being in transportation" as he claims; he was charged with operating a motor vehicle on a public roadway with an expired registration, failing to display a driver's license, and failing to maintain financial responsibility. *See* Tex. Transp. Code §§ 502.040(a), 502.471(a), 521.025(a), 601.051, 601.191(a). All the State was required to prove, beyond a reasonable doubt, were the elements of each of these offenses, which did not include engaging in "transportation." *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Perkins*, 2016 WL 4272109, at \*2 ("The word 'transportation' is not used in the statute. Nor is being engaged in some activity deemed to be 'transportation' an element of the offense."); *Perkins v. State*, No. 03-14-00733-CR, 2016 WL 691265, at \*1 (Tex. App.—Austin Feb. 19, 2016, pet. denied) (noting that "the word 'transportation' is not an element of the appellant's offense" when rejecting appellant's claim that he did not commit alleged traffic offense because he was not engaged

18

in transportation as he defined it). Contrary to appellant's position, the title of the statutory code containing the offenses, or a particular word used in it, is not imported into the statutory elements of the offenses therein proscribed. More importantly, regardless of appellant's novel interpretations and misapplications of terms, our previous discussion of appellant's second issue, *see supra* p. 11–16, demonstrates the municipal court had subject matter jurisdiction, conferred by statute, in each of these cases. *See* Tex. Gov't Code §§ 29.003(a)–(b), 30.00005(a); Tex. Code Crim. Proc. art. 4.14 (a)–(b).

Because the municipal court had personal jurisdiction over appellant and subject matter jurisdiction over these offenses, we overrule appellant's third issue.

In his fourth issue, appellant asserts that his Fifth Amendment privilege against self-incrimination was violated by the police officers during the traffic stop because they demanded that he produce his driver's license and proof of insurance.

It is well settled that driving an automobile on public roads is not a constitutionally protected right, but a privilege. *Tharp v. State*, 935 S.W.2d 157, 159 (Tex. Crim. App. 1996); *Taylor v. State*, 209 S.W.2d 191, 192 (Tex. Crim. App. 1948); *Hawkins v. State*, No. 11-04-00278-CR, 2005 WL 2156981, at *1 (Tex. App.—Eastland Sept. 8, 2005, no pet.) (not designated for publication) (per curiam); *Ramey v. State*, No. 14-01-00723-CR, 2002 WL 1163431, at *1 (Tex. App.—Houston [14th Dist.] May 30, 2002, pet. ref'd) (not designated for publication); *Naff v. State*, 946 S.W.2d 529, 532 (Tex. App.—Fort Worth 1997, no pet.); *Ex parte Arnold*, 916 S.W.2d 640, 642 (Tex. App.—Austin 1996, pet. ref'd). This privilege is subject to reasonable regulation under the State's police power in the interest of the welfare and safety of the general public. *Gillaspie*

*v. Department of Pub. Safety*, 259 S.W.2d 177 (Tex. 1953); *Hawkins*, 2005 WL 2156981, at *1; *Ramey*, 2002 WL 1163431, at *1; *Naff*, 946 S.W.2d at 533; *Ex parte Arnold*, 916 S.W.2d at 642; *Riggle v. State*, 778 S.W.2d 127, 129 (Tex. App.—Texarkana 1989, no pet.); *Coyle v. State*, 775 S.W.2d 843, 846 (Tex. App.—Dallas 1989, no pet.). "Thus, regulating licensing, inspection, and registration laws[,] and requiring proof of financial responsibility as a protection for Texas citizens is a proper subject of the State's police powers[.]" *Naff*, 946 S.W.2d at 533 (citing *Gillaspie*, 259 S.W.2d at 182); *see, e.g.*, *Montpas v. State*, No. 05-00-02076-CR, 2001 WL 1352919, at *2 (Tex. App.—Dallas Nov. 5, 2001, no pet.) (not designated for publication) (recognizing that requirements of driver's license and vehicle registration are appropriate exercises of State's police power); *Fisher v. State*, No. 03-00-00483-CR, 2001 WL 520799, at *2 (Tex. App.—Austin May 17, 2001, no pet.) (not designated for publication) (recognizing that requiring financial responsibility as condition of operating motor vehicle on state's highways is proper subject of state's police power).

The Texas Legislature has enacted regulations to govern the privilege of driving on the public roadways of this state. *See also State v. Villarreal*, 475 S.W.3d 784, 848 (Tex. Crim. App. 2014), *cert. denied*, 136 S. Ct. 2544 (2016) ("Because we all must share the public roadways, driving is a highly regulated activity—a privilege, not a right."). Section 521.021 of the Transportation Code states: "A person . . . may not operate a motor vehicle on a highway in this state unless the person holds a driver's license issued under this chapter." Tex. Transp. Code § 521.021. To demonstrate compliance with this requirement, section 521.025 of the Transportation Code provides, in relevant part:

(a)     A person required to hold a license under Section 521.021  shall:

> (1)     have in the person's possession while operating a motor vehicle the class of driver's license appropriate for the type of vehicle operated; and
>
> (2)     display the license on the demand of a magistrate, court officer, or peace officer.

*Id.* § 521.025(a).   An additional governing regulation is found in section 601.053 of the Transportation Code, which provides:

> As a condition of operating in this state a motor vehicle to which Section 601.051 applies, the operator of the vehicle on request shall provide to a peace officer . . . with the operator evidence of financial responsibility by exhibiting [one of seven specified forms proof listed in the statutory subsection.]

*Id.* § 601.053(a).  "[A]n operator who does not exhibit evidence of financial responsibility under Subsection (a) is presumed to have operated the vehicle in violation of Section 601.051." *Id.* § 601.053(b).  Because of these governing regulations, during a routine traffic stop, police officers may request certain information from a driver, such as a driver's license, proof of insurance, and car registration, and may conduct a computer check on that information.  *See Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004) (citing *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir.2004) (en banc)); *see also Davis v. State*, 947 S.W.2d 240, 245 n.6 (Tex. Crim. App. 1997) (citing Tex. Trans. Code §§ 521.025, 601.053) (noting that in traffic stop situation, officer may demand identification, valid driver's license, and proof of insurance from driver).

Appellant rejects the requirements of the above statutory provisions, arguing that they do not apply to him because he was not involved in "transportation." However, as noted earlier in this opinion, *see supra* p. 17–18, appellant's interpretation of "transportation" misapplies that term to the Transportation Code provisions at issue in these cases. In light of that misinterpretation and misapplication, we disagree that he was not required to comply with the applicable statutes. As part of exercising the privilege of driving on this state's public roadways, appellant was required to demonstrate compliance with the regulations associated with that privilege. The requirement to demonstrate such compliance does not violate the Fifth Amendment privilege of self-incrimination. We overrule appellant's fourth issue.

## CONCLUSION

We affirm the judgment of the county court at law.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 30, 2016

Do Not Publish

22